## 16620

**DURANT v. STUCKEY**
**(70 S. E. (2d) 473)**

344

*Mr. James Hugh McFaddin,* of Manning, *for Appellant,* cites:

*Messrs. George D. Levy* and *M. M. Weinberg,* of Sumter, *for Respondent,* cite:

April 28, 1952.

E. H. HENDERSON, Acting Associate Justice.

The plaintiff was walking in a westerly direction across Brooks street in the town of Manning, at a place where it

intersects with Rigby street. The defendant was driving his automobile south on Brooks street. The plaintiff had gotten a little beyond the center of the intersection when a collision between them occurred. At this point Brooks street is thirty feet wide from curb to curb. It was about 9:30 at night, on October 21, 1950, and there was a drizzling rain. A standard green and red light was at the intersection. The plaintiff sustained serious injuries. His action resulted in a verdict in favor of the defendant.

There are three questions involved in the appeal: (1) Did the trial Judge abuse his discretion in not granting a new trial on the ground that the verdict was against the overwhelming weight of the evidence? (2) Was there reversible error in the Judge's charge as to what constituted actionable negligence? (3) Did the Circuit Judge err in failing to charge a number of requests presented by the plaintiff?

As to the first question, each party claimed that he had the right of way. The plaintiff said that the green light was in his favor when he stepped off the sidewalk. The defendant testified that as he approached the intersection he saw the red light and slowed down almost to a stop; that when he was about twenty feet from the crosswalk the light turned green, and he went into second gear and started forward. The plaintiff DuRant had been drinking. There was a sharp dispute as to what was the proximate cause of the injury. We think there was no abuse of discretion on the part of the trial Judge in refusing to grant a new trial.

Under the second question the appellant contends that the Circuit Judge erred in his charge to the jury in stating, in the plural, that the plaintiff must show that he was injured by some negligent, wilful and wanton "acts" of the defendant, and that "they were" the proximate cause of his injuries. Appellant says that this led the jury to believe that he had to prove two wrongful acts instead of only one. Viewing the charge as a whole, we do not think that the jury could possibly have been misled, since it was

clearly stated at another part of the charge that the plaintiff "does not have to prove every allegation of negligence, or willfulness and wantonness specified in the complaint, but before the plaintiff could recover he must prove at least one of those specifications."

The appellant claims error on the part of the Circuit Judge in refusing to charge a number of his requests. To clearly understand the points made by these exceptions it will be necessary to have some of them before us, and so exceptions VI, VII, VIII, and IX will be reported.

Under the sixth exception the request was charged substantially word for word. The portion added by Judge Bellinger was a correct statement of law, applicable to the case, and no prejudice could have arisen to the appellant.

The requested instruction set forth in the seventh exception involved a charge on the facts, as it assumed that the automobile of the defendant was being operated at a high rate of speed. The appellant states that in any event it should have been charged, since it is a direct quotation from a decision of this Court. That, however, does not at all follow, because a proposition of law taken from one of the decisions of the Supreme Court may not be applicable to the evidence in the case on trial in the lower court, and also it may embrace a statement of fact which is in dispute in the Circuit Court and which would thus amount to a charge on the facts by the trial Judge.

The eighth exception should also be overruled. The request was charged almost verbatim, omitting the reference to the sidewalk, which had no application to this case.

The appellant says that the requested instruction embraced in his ninth exception should have been charged, since it is a part of section 36 of the act regulating traffic on the highways, act of 1949, page 466. This request entirely eliminated from consideration the ques-

tion of contributory negligence and proximate cause, while at the same time telling the jury that if·they found the facts as therein stated they must find for the plaintiff the amount of damages which he has sustained.

In four exceptions the appellant alleges that the trial Judge should have charged his several requests relating to the last clear chance.

Each one of these requested instructions refers to the duty one owes either to an obviously drunken man, a helpless person, one prostrate from intoxication, or to a child or incapacitated person. They were not applicable to the evidence in this action, and so the refusal to charge them was proper.

We also think that the doctrine of the last clear chance has no bearing upon this case. This humanitarian principle is firmly embedded in the law of our state. *Jones v. Atlanta-Charlotte Air Line Railway Co.,* 218 S. C. 537, 63 S. E. (2d) 476, and the cases therein cited. However, it does not apply to every negligence case, regardless of its facts. Sound legal principles, whether embraced in the decisions of this court or in statutes, should be charged by Circuit Judges only when applicable to the case then on trial. In the present action the plaintiff testified that he saw the automobile when it was three hundred feet away from the intersection, and thought that he could get across the street in time. He was not in a perilous position from which he was unable to extricate himself by the exercise of due care.

In addition to this, to make the doctrine of the last clear chance applicable, it is necessary that the defendant should have the ability and the opportunity to avert the injury by the exercise of due care on his part. The doctrine assumes that there was time after the plaintiff's negligence occurred in which the defendant could have prevented the collision. *Bishop v. Atlantic Coast Line R. R. Co.,* 213 S. C. 125, 48 S. E. (2d) 620; *Seay v. Southern Railway-Carolina Division,* 205 S. C. 162, 31 S. E. (2d) 133.

It presupposes time for effective action, and is thus inapplicable to sudden emergencies affording no time to avoid harm to the plaintiff.

 In the present case it does not appear that there was a last clear chance available to the defendant to avert the collision by the use of ordinary care. The collision occurred in an instant of time after the plaintiff had taken a few steps from the sidewalk. He was not in a dangerous situation until he had approached toward the pathway of the automobile. The act creating his peril occurred almost simultaneously with the happening of the collision.

All of the exceptions have been carefully considered and are overruled. The judgment of the Circuit Court is affirmed.

TAYLOR and OXNER, JJ., and J. M. BRAILSFORD, JR., A. A. J., concur.

STUKES, J., not participating.