19514

C. W. F. SPENCER, Jr., Respondent, v. Ernest W. MILLER, Appellant

(192 S. E. (2d) 863)

*Brooks Goldsmith, Esq.,* of Lancaster, *for Appellant.*

*W. L. Ferguson, Esq.,* of Rock Hill, *for Respondent,*

November 13, 1972.

LITTLEJOHN, Justice:

The question we decide on this appeal is whether any triable issue of fact was presented to the circuit judge. He granted summary judgment to the . plaintiff. Defendant appeals.

Mr. Spencer's complaint alleges that Mr. Miller, the defendant, became indebted to him in the sum of $3,071.00 as the result of services rendered by plaintiff "at request of

Defendant . . . necessary to erection and financing of his Post Office building, all as shown by verified itemized statements of account hereto attached and made a part hereof." Defendant admits in his answer that plaintiff, as attorney, performed certain services for him, but denies "that the amount claimed by the Plaintiff represents reasonable compensation for the services performed by the Plaintiff or that the amount of compensation as alleged by the Plaintiff, was the amount agreed upon."

The statement of account involved adjustments not in dispute. The heart of the controversy centers upon the question of what amount plaintiff should be paid for a title search and certification used by defendant to procure a mortgage loan of $625,000.00.

Plaintiff filed a notice of motion for summary judgment and an affidavit in support of the motion. Defendant answered the motion for summary judgment and filed his affidavit. In defendant's answer to the motion, he denies that any amount was ever agreed upon. The judge found no genuine issue of fact remained and granted summary judgment in the amount of $3,071.00 for the plaintiff.

The granting of a summary judgment must necessarily be founded on Circuit Court Rule 44, which states in part:

"The judgment sought shall be rendered forthwith if the pleadings and depositions, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Our Court has had little opportunity to interpret this three-year-old rule, but did say in *Elmwood Cemetery Ass'n v. S. C. Tax Comm.*, 255 S. C. 457, 179 S. E. (2d) 609 (1971), that statements of ultimate facts and conclusions are not enough in an affidavit. "Rule 44 contemplates an evidentiary affidavit. The mere reassertion in affidavit form of the general allegations of the complaint does not diminish or lessen the issues involved in the case."

The federal courts have produced many helpful guiding precedents in the application of their rule, which is similar to ours. Fed. Rules Civ. Pro., Rule 56(c), 28 U. S. C. A.

As a general rule:

"The function of the summary judgment is to avoid a useless trial; and a trial is not only not useless but absolutely necessary where there is a genuine issue as to any material fact.

"In a ruling on a motion for summary judgment the court's function is to determine whether such a genuine issue exists, not to resolve any existing factual issues; to deny summary judgment where there is a genuine issue as to any material fact; and to grant summary judgment, if at all, where there is no such issue and on the substantive law the movant is entitled to judgment." 6 J. Moore, Federal Practice ¶ 56.151(1), at 2281 (2d ed. 1953).

It is the duty of the court, on a motion for summary judgment, not to try issues of fact, but only determine whether there are genuine issues of fact to be tried; and, once having found that triable issues exist, must leave those issues for determination at a trial. The problem besetting courts lies in deciding what is or what is not a "genuine issue as to any material fact."

On a motion for summary judgment, the inferences to be drawn from the underlying facts contained in the record must be viewed in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U. S. 654, 82 S. Ct. 993, 8 L. Ed. (2d) 176 (1962). It is also demanded that the ruling be made on the record the parties have actually presented, not on one potentially possible. *Madeirense Do Brasil, S/A v. Stulman-Emrick Lumber Co.*, 147 F. (2d) 399 (2d Cir. 1945). It is further recognized that the "papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated." *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F. (2d) 425 (6th Cir. 1962).

"Where only one inference could reasonably be drawn from the undisputed evidentiary facts, then summary judgment would be proper." *Empire Electronics Co. v. United States,* 311 F. (2d) 175 (2d Cir. 1962).

It has been said, and it is quite true, that "no magical formula can be offered to determine the existence of a genuine issue of material fact." 6 J. Moore, *supra,* at 2286. The guiding principles enunciated hereinabove can only be aids in a problem of judging.

In the light of these principles, we look at the pleadings and the supporting affidavits. From both the defendant's and plaintiff's affidavits, it is apparent that the only point in dispute concerns the plaintiff's stated charges for title investigation and certification services performed in connection with securing a $625,000.00 mortgagee title insurance binder for the defendant.

The record viewed in the light most favorable to the defendant established the following: The defendant purchased a parcel of land on which to build a new post office. He needed a $625,000.00 mortgage and the necessary legal services to buy the real estate site and build the post office. Both parties agree that an attorney fee is due the plaintiff. This is inescapable because the defendant requested services of the plaintiff, received the same and benefitted therefrom. The question which this Court must determine is: Is there a genuine issue triable as a question of fact as to the amount due?

It is apparent that the defendant is well versed in the matter of real estate financing. In defendant's affidavit, he avers: "Also, the question was asked of Mr. Spencer as to what the costs would be to handle loan closing, funds to bank, necessary paper work in releasing mortgage and recording new ones, issuing title insurance, etc., which I was required to do when project was completed. He then quoted York County Bar rates which I said were to (*sic.*) high and that before I woud (*sic.*) allow him to close this loan

at completion he would have to negotiate a better rate." There can be no question but that the defendant knew the York County Bar rates; he admits that he denominated them too high and did not at first accept the plaintiff's offer.

In defendant's affidavit, he also avers: "After checking with Northwestern Bank they approved the Title Company Mr. Spencer represented and approved owner's policy or the Mortgagee binder and I chose the binder in order not to duplicate costs. At this time I telephoned Mr. Spencer telling him to issue binder to Northwestern Bank with no knowledge or mention of fee being due for this. Mr. Spencer did no title work for me that was not required for Mr. Rhea."

The statement that Mr. Spencer did no title work not required by Mr. Rhea is patently incorrect. As we noted in *Elmwood Cemetery*, statements of ultimate facts and conclusions are not sufficient to make a genuine issue of trial. Mr. Rhea, who sold the land to the defendant, was in no way concerned with the procurement of a $625,000.00 loan nor the title insurance binder incident thereto.

Thus the defendant states to the court that he directed Mr. Spencer to issue the binder. It is his contention that no fee was agreed upon at that time for Mr. Spencer's services in providing the binder. In effect, defendant argues that he didn't tell Mr. Spencer to search the title and certify it; that he only told him to issue the binder, which requires a title search and certification. The position is untenable. He would overlook the fact that a title search and certification is absolutely necessary before a binder can be procured from a title insurance company. The defendant had been quoted the York County Bar rates, which were in evidence before the trial judge and before this Court. The rates are not in dispute. The only reasonable inference that can be drawn from the record is that the defendant impliedly agreed to the title investigation at the York County Bar rates when he requested the plaintiff to

procure the binder. The bill submitted and the amount claimed by the plaintiff are in keeping with the York County Bar rate schedule. Other charges and adjustments referred to in the record are not in contest.

We agree with the lower court that this was a proper case for the granting of a summary judgment.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.