## 21163

Elaine WALDRUP, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(263 S. E. (2d) 652)

*H. Donald Sellers* and *Thomas H. Coker, Jr., Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for appellant.*

*Robert L. Waldrep, Jr.,* Anderson, *for respondent.*

March 4, 1980.

GREGORY, Justice:

Respondent Elaine Waldrup brought this action as an insured employee of Dow Badische Company (Dow) under a group disability insurance policy issued by appellant Metropolitan Life Insurance Company. The appeal is from a jury's verdict awarding respondent $7,627.50 in benefits under the policy's coverage provisions for long-term total disability. We affirm.

The policy affords coverage for and distinguishes between short-term and long-term total disability. Short-term disability coverage is available to Dow's employees during the first thirty months of disability if the employee is unable to adequately perform the key or essential duties of his or her job at Dow at the time of injury. Long-term disability benefits are payable under the terms of the policy if:

. . . the employee is totally disabled so as to be wholly prevented from engaging in *any and every gainful occupation for which he is reasonably fitted by education, training, experience* . . .. (Emphasis added.)

It is the long-term disability and the above-quoted policy standard which are at issue in this case since respondent was paid the full thirty months' benefits allowable under the short-term disability provisions of the policy.

Appellant contends a portion of the trial judge's charge to the jury was inconsistent with the standard of the policy and the applicable law on total disability in that the jury could have erroneously concluded respondent was totally disabled within the meaning of the policy if she could not return to her former position only, rather than to "any and every gainful occupation for which she is reasonably fitted."

That portion of the charge which appellant finds objectionable is the following:

Total disability contemplated by contracts of insurance is the inability to do substantially all the material acts necessary for the prosecution of the insured's occupation in substantially her accustomed and usual manner.

This judicial pronouncement of the degree of physical incapacity required for total disability is recognized in an unbroken line of authority in this state. *Coker v. Pilot Life Insurance Company,* 265 S. C. 260, 217 S. E. (2d) 784 (1975); *Shealy v. United Insurance Company of America,* 239 S. C. 71, 121 S. E. (2d) 345 (1961), and numerous cases cited therein. It is normally preceded by the words "total disability does not mean absolute helplessness," as it was in this case.

In our view, to say that this portion of the charge is inconsistent, or incorrect, or contradictory in the light of the policy standard or applicable law is to take it out of context and view it in isolation from the rest of the charge. A charge must be construed and considered as a whole before an assignment of prejudicial error will lie to that discrete portion complained of. See cases collected in 18 West's South Carolina Digest, *Trial,* § 295.

The balance of the instructions on total disability precisely stated the standard enunciated in the policy for long-term disability.

Now total disability does not mean a state of absolute helplessness. It means just as the policy provides and as the law

provides that the plaintiff has the burden of proof by greater weight or preponderance of the evidence that she is totally disabled *within the meaning of the provisions of the policy. In other words she must prove that her disability is such as to wholly prevent her from engaging in any and every occupation for which she is reasonably fitted by education, training or experience.* And I charge you also that the term occupation, any employment are considered to mean the usual employment of the particular person insured, *or such other employment which reasonably approximates the same livelihood as the insured might fairly be expected to follow in view of her station, circumstances, training, aptitude and physical and mental capabilities.* (Emphasis added.)

We find these definitions harmonious rather than contradictory, and conclude the whole charge adequately focused the jury's attention on the requirements of the policy *and* the law of this state. The requested additional instructions again emphasized to the jury that it must find respondent disabled within the meaning of the long-term provisions of the policy. Appellant's contention that the jury's award could have been a product of a finding of disability consistent with the policy's narrower short-term disability standard is just unsupported by the record.

COURT (RE-CHARGE):

I charge you that in this case the burden is upon the plaintiff to prove by the greater weight or preponderance of the evidence that she is *totally disabled in the provisions of the policy. In other words, the plaintiff must prove her disability is such as to wholly prevent her from engaging in any and every occupation for which she is reasonably fitted by education, training or experience.* (Emphasis added.)

Is that what you want to hear?

FOREMAN: Yes, sir.

We have carefully considered the remaining exceptions raised by appellant, and conclude no error of law appears.

We accordingly affirm under Rule 23 of the Rules of Practice of this Court.

Affirmed.

LEWIS, C. J., and LITTLEJOHN and NESS, JJ., concur.

JOSEPH R. MOSS, Acting Associate Justice, not participating.