21450

George Odell COOPER, a person noncompos mentis, by Mose Cooper, Jr., his Guardian ad Litem, Appellant, v. Richard Ernest DRIGGERS, Respondent.

(277 S. E. (2d) 893)

*E. LeRoy Nettles,* of *Nettles, Smith, Turbeville & Reddeck,* Lake City, *for appellant.*

*James C. McLeod, Jr.,* and *Hugh L. Willcox, Jr.,* of *Willcox, Hardee, O'Farrell, McLeod, Buyck & Baker,* Florence, *for respondent.*

May 13, 1981.

LITTLEJOHN, Justice:

This is an action for personal injuries sustained when the defendant's vehicle came in contact with the plaintiff, a pedestrian, in the middle of the highway in the nighttime. It was tried before a jury and resulted in a verdict in favor of the defendant. Plaintiff has appealed. We affirm.

The plaintiff takes ten exceptions to the judge's charge. Four issues relative to the charge are argued. All other exceptions are deemed abandoned. The main argument is directed to the charge on the law of the doctrine of the last clear chance. This doctrine is not applicable in every case where contributory negligence is pled. It is appli-

cable only when and if the defendant sees that a negligent plaintiff is in a predicament from which he may not extricate himself and the defendant has an opportunity to avoid the injury in spite of the conduct of the plaintiff. A review of the record before us convinces the court that the defendant did not have the last clear chance to avoid the injury and, accordingly, the doctrine of the last clear chance was simply inapplicable under the evidence.

Other attacks on the charge assert no prejudicial error warranting a new trial.

Affirmed.

LEWIS, C. J., and NESS and GREGORY, JJ., concur.

HARWELL, J., dissents.

HARWELL, Justice (dissenting):

Being of the view that the doctrine of last clear chance was applicable under the evidence and that it was erroneously charged, I respectfully dissent.