21751

Moses N. BROWN, Respondent, v.
Mark S. GEORGE and Barbara H. George, Appellants.
(294 S. E. (2d) 35)

*William B. Woods*, of *Berry, Dunbar & Woods*, Columbia, *for appellants*.

*Joe H. Belser, Jr.*, Columbia, *for respondent*.

July 7, 1982.

HARWELL, Justice:

Respondent initiated this negligence action for injuries sustained when he was struck by an automobile while attempting to cross a highway. Appellant Mark George was driving the vehicle under the direction of Appellant Barbara George. A jury returned a $15,000 verdict for respondent. Appellants contend the denial of their motion for a judgment n.o.v., or in the alternative for a new trial, was error. We agree, reverse, and remand for entry of judgment for appellants.

The accident occurred in front of Boney's Liquor Store on Highway 21 near Ridgeway, South Carolina, around 10:00 a.m. on March 4, 1977. Respondent had exited from a truck parked on the shoulder of the southbound lane and was attempting to cross the highway to enter the liquor store. Appellants, traveling in the northbound lane about 50 or 55 miles per hour, had just capped a hill about 250 yards south of the liquor store when they first saw respondent in the southbound lane. Appellant Mark George testified that he immediately put on

brakes and sounded the horn and that respondent glanced in the car's direction.

Respondent had begun drinking at home around 4:00 that morning. He and one of his companions then visited a liquor store in Blythewood around 9:30 a.m. When the accident occurred he was "good and high", but was not so incapacitated that he could not walk. Respondent testified he was not drunk. Respondent's companion, who had stayed in the truck, testified he saw respondent walk in front of appellants' sliding car. The right front of appellants' car struck respondent.

Appellants first allege that the trial judge erred in charging the last clear chance doctrine. We agree. The doctrine is not applicable in every case where the defendant alleges the plaintiff was contributorily negligent. It applies only where the antecedent negligence of the plaintiff has become remote in the chain of causation and a mere condition of his injury. *Smith v. Blackwell,* 250 S. C. 170, 156 S. E. (2d) 867 (1967); *Hopkins v. Reynolds* 243 S. C. 568, 135 S. E. (2d) 75 (1964); *Seay v. Southern Ry.,* 205 S. C. 162, 31 S. E. (2d) 133 (1944). It does not apply where the plaintiff's act combines and concurs with the defendant's act as a proximate cause of the injury. The evidence indicates that respondent was guilty of concurring negligence which continued until the time of impact. Respondent testified that he proceeded immediately onto the highway after looking both ways. Even after the appellants' automobile could or should have been seen, respondent continued to walk from a place of safety into the path of the oncoming vehicle. The emergency arose so suddenly that there was no time for appellants to avoid the accident. When the emergency arises so suddenly that the defendant has no time to avert the accident, the last clear chance doctrine does not apply. *Durant v. Stuckey,* 221 S. C. 342, 70 S. E. (2d) 473 (1952). Therefore, the trial court erred in charging the doctrine.

Even though we have determined the case should be reversed because of the charge on last clear chance, we also address another erroneous portion of the jury instructions. That portion states:

I further charge you, ladies and gentlemen, that it is the duty of a pedestrian before attempting to cross a highway to see that the way is clear. The duty is not merely of

looking but one of observation. The pedestrian must look in such an intelligent and careful manner as to enable him to see that what a person of his age, intelligence *and condition* in the exercise of ordinary care and caution for the safety of himself and others, could have seen under the circumstances. (Emphasis added.)

Immediately following the charge, appellants' attorney excepted to the words "and condition," alleging that this charge would give the jury an opportunity to consider whatever an intoxicated person would have done under the circumstances. The trial judge acknowledged that if the words "and condition" had been added, it was a mistake. However, he made no effort to correct the error. Appellants' attorney requested the appropriate charge on a pedestrian's duty when crossing a highway as stated in *Johnson v. Finney*, 246 S. C. 366, 143 S. E. (2d) 722 (1965):

[A] pedestrian crossing the highway is required to use ordinary care for his own safety, that is, such care as a reasonably prudent person would use under the same or similar circumstances. If a pedestrian crossing the highway neglects to exercise a care for his own safety that a reasonably prudent person would use, he is guilty of negligence which would bar recovery for any injuries that he may sustain when struck by a motorist, if such negligence proximately contributes to such.

By allowing the jury to consider respondent's condition, the trial court in effect charged a standard of a reasonably prudent intoxicated person. We conclude this erroneous instruction was prejudicial to appellants.

Reversed and remanded for entry of judgment under our Rule 27.

LITTLEJOHN and GREGORY, JJ., concur.

LEWIS, C. J., and NESS, J., dissent.

NESS, Justice (dissenting):

In holding the trial court erred in charging last clear chance to the jury, the majority fails to apply our recent holding in

*Cooper v. Driggers,* 276 S. C. 299, 277 S. E. (2d) 893 (May, 1981). In *Cooper,* opinion by Justice Littlejohn, we concluded:

> "The doctrine [of last clear chance] is not applicable in every case where contributory negligence is pled.
> *"It is applicable only when* and if the defendant sees that a negligent plaintiff is in a predicament from which he may not extricate himself and *the defendant has an opportunity to avoid the injury in spite of the conduct of the plaintiff."* (Emphasis added.)

Here the evidence shows the plaintiff-respondent was negligent. He was intoxicated when he crossed the highway. Further, there is testimony to establish the defendant-appellant had an opportunity to avoid the accident.

Under the evidence presented, the jury could easily have found the driver of the oncoming vehicle had a clear opportunity to avoid striking the pedestrian. Arguably all appellant had to do to avoid the accident was reduce his speed of 50-55 mph enough to give respondent sufficient time to finish crossing the road and clear the way. The record shows respondent was *less than two feet* from crossing the road when the collision occurred.

Moreover, appellant's own testimony is highly suspicious considering the amount of time and distance he had to observe respondent before the collision occurred. Appellant testified he first saw respondent at a distance of approximately 250 yards. (2 and ½ football field lengths away). He further stated respondent was crossing the highway at a "fast gait" and that he blew his horn at respondent and noticed respondent, "was impaired in some way." Appellant said he was traveling at a speed of 50-55 mph, in the northbound lane. The physical evidence showed that appellant's vehicle struck respondent about *two feet from the edge of the highway in the northbound lane.* Thus respondent had to proceed only two more feet to complete crossing the highway. At a speed of 50-55 mph, it took appellant approximately 8-10 seconds to travel the 250 yards, more than sufficient time to avoid the collision which rebuts the statement in the majority opinion that respondent walked into appellant's sliding car.

The majority does however, note that the *right front* of appellant's car struck respondent, which would infer ap-

pellant could have avoided hitting the respondent by veering his car slightly to the left.

Considering the discrepancies in the facts, I disagree with the majority's determination that this was an emergency which arose so suddenly there was no time for appellant to avoid the accident. I would hold it was a jury issue as to whether the 250 yard distance provided appellant with sufficient time to avoid the accident so that a charge to the jury on last clear chance was not only proper but essential for determination of this case.

In addition, the majority would hold that by including the words "and condition" in the charge to the jury regarding the duty of a pedestrian, the trial court committed prejudicial error. I disagree.

This was a complicated trial involving multiple legal theories of negligence, contributory negligence, the doctrine of last clear chance, and the legal duty owed by pedestrians as well as drivers of motor vehicles. The judge's charge to the jury must be considered as a whole before assignment of prejudicial error will lie to a particular portion complained of. *Waldrup v. Metropolitan Life*, 274 S. C. 344, 263 S. E. (2d) 652 (1980).

The lower court's charge to the jury consisted of fourteen transcript pages plus three pages of clarification. When considered as a whole, I find no prejudicial error to require reversal.

The issues here were factual and properly decided by the jury and I would affirm.

LEWIS, C. J., concurs.