1268

Kathleen M. JONES, Appellant v. Denise Marie CANNERELLA, Respondent. Jeffrey A. JONES, Appellant v. Denise Marie CANNERELLA, Respondent.

(375 S. E. (2d) 353)

Court of Appeals

*Douglas N. Truslow,* Columbia, *for appellants.*

*James B. Lybrand, Jr.*, Columbia, *for respondent.*

Heard Nov. 14, 1988.

Decided Dec. 5, 1988.

CURETON, Judge:

Jeffrey A. Jones, a minor, sued Denise Marie Cannerella for personal injuries he suffered when Cannerella's automobile struck him. His mother, Kathleen M. Jones, also sued Cannerella for medical expenses and loss of her son's services. The jury returned a verdict for Cannerella. Jeffrey and his mother appeal. We affirm.

Seventeen year old Jeffrey was struck by Cannerella's automobile while he was playing basketball with three other boys at a friend's house. According to Jeffrey, the basketball goal was situated so that the players used the middle of a neighborhood street as an out-of-bounds boundary line.

On the date of the accident Jeffrey was attempting to retrieve the basketball when it rebounded out-of-bounds into the middle of the street. Jeffrey testified he waited at the boundary line in the middle of the street before passing the ball in because he saw cars coming from the northern direction. Jeffrey testified he remained stationary at all times but admitted he never looked in the southern direction from which Cannerella was traveling.

Cannerella testified she first saw the boys playing basketball when she was approximately 270 to 288 feet away. She testified she was traveling within the 30 MPH speed limit but gradually reduced speed as she approached the boys. She further testified she saw Jeffrey in the middle of the street but did not blow her horn or take evasive action because he appeared to be stationary and if he had remained in that position she would have passed about five feet to his right.

Cannerella admits she never actually saw the collision but theorized Jeffrey backed into her car. An eyewitness and a police investigator's notes, as recounted to the investigator by Jeffrey's brother, supported this theory. The brother, however, denied at trial making the statement to the police officer. Jeffrey also denied backing into Cannerella's automobile and testified Cannerella struck him in the middle of the street.

The Joneses admitted Jeffrey was guilty of simple negligence, but claimed Cannerella had the last clear chance to avoid the accident. The jury returned a verdict for Cannerella against the Joneses. Both appeal the jury verdict alleging error in the trial judge's charge to the jury on last clear chance.

The Joneses admit the correctness of the trial judge's initial charge on last clear chance but argue subsequent portions of the charge "confused matters and legal doctrines" and gave "no credence" to the last clear chance doctrine. They contend that by charging there can be no recovery by the Joneses if the jury found both Jeffrey and Cannerella negligent, the trial judge confused or ignored the last clear chance doctrine which would not have precluded them from recovering even if Jeffrey were contributorily negligent. We find no prejudicial error in the charge.

The doctrine of last clear chance is but a phase of the doctrine of proximate cause. In a proper case where the doctrine applies the negligence of the plaintiff in creating the situation is remote so that the negligence of the defendant in not averting the accident after the peril was or should have been discovered becomes the proximate and sole efficient cause of the accident. 7A Am. Jur. (2d) *Automobiles and Highway Traffic* Section 438 (1980). In other words, plaintiff's antecedent negligence is but a mere condition of his injury. *Johnston v. Ward*, 288 S. C. 603, 344 S. E. (2d) 166 (Ct. App. 1986). A plaintiff's negligence which has become remote in the chain of causation is not contributory. *Johnston v. Ward, supra; see also, Brown v. George*, 278 S. C. 183, 294 S. E. (2d) 35 (1982) (last clear chance doctrine does not apply where the plaintiff's act combines and concurs with the defendant's act as a proximate cause of the injury). The doctrines of contributory negligence and last clear chance are mutually exclusive and both cannot apply to the same state of facts. *Smith v. Blackwell*, 250 S. C. 170, 156 S. E. (2d) 867 (1967).

The doctrine of last clear chance is inapplicable to a situation where a defendant motorist, while under a duty to discover the danger to the injured party, did not actually discover it and the injured party was physically able to escape from the peril at any time up to the moment

of impact. *Suber v. Smith*, 243 S. C. 458, 134 S. E. (2d) 404 (1964). Also, the doctrine is not applicable where the driver did not have an opportunity to avoid injury to the pedestrian. *Cooper v. Driggers*, 276 S. C. 299, 277 S. E. (2d) 893 (1981).

The facts of this case present a jury question whether the negligence of Jeffrey constituted a proximate cause of the accident or whether Cannerella's negligence was the sole efficient cause of Jeffrey's injuries. *See Seay v. Southern Railway—Carolina Division*, 205 S. C. 162, 31 S. E. (2d) 133 (1944). A trial charge must be considered as a whole and claims of error in a portion of the charge must be viewed in light of and in context with the rest of the charge. *Clark v. Ross*, 284 S. C. 543, 328 S. E. (2d) 91 (Ct. App. 1985). Viewing the charge as a whole, we discern no prejudicial error.

Affirmed.

SHAW and BELL, JJ., concur.