23468

Deborah Ann B. ROTHROCK, as Executrix of the Estate of George B. Rothrock, Jr., deceased, Respondent v. Timothy L. COPELAND, Petitioner.

(409 S.E. (2d) 366)

Supreme Court

*Jack D. Griffeth,* of *Love, Thornton, Arnold & Thomason,* Greenville, *for petitioner.*

*John Beasley, Beasley & Beasley,* Greenwood, *for respondent.*

Heard June 12, 1991.

Decided Sept. 9, 1991.

HARWELL, Justice:

We granted petitioner Timothy L. Copeland's petition for writ of certiorari to review the Court of Appeals' decision[1] in this wrongful death action. The trial judge granted summary judgment in favor of petitioner. The Court of Appeals reversed and ordered a new trial. Because we find the evidence presents no genuine issue of material fact, we reverse the decision of the Court of Appeals and reinstate the order of the trial judge granting petitioner's motion for summary judgment.

---

[1] *Rothrock v. Copeland,* Op. No. 90-MO-120 (S. Ct. App. filed August 29, 1990).

## I. FACTS

Respondent Deborah Ann B. Rothrock commenced this wrongful death action after her husband (decedent) died from injuries sustained when his automobile and petitioner's truck collided. Viewing the evidence in a light most favorable to respondent, the facts are as follows. The accident occurred at an intersection. Respondent was a passenger in an automobile driven by decedent. Respondent and decedent approached the intersection on the unfavored road. Stop signs and a flashing red light control entrance from the unfavored road onto the favored road. Petitioner approached the intersection on the favored road where a flashing yellow light cautions traffic at the intersection. Respondent and decedent stopped at the stop sign and then eased into the intersection. Petitioner, while traveling down the favored road, saw respondent and decedent's automobile in the intersection approximately thirty to forty feet before impact. Petitioner did not apply his brakes or swerve to avoid the accident.

The trial judge heard extensive argument on petitioner's motion for summary judgment. He also reviewed depositions, plats, photographs, and other evidence before him. Petitioner alleged decedent was barred from recovery because he had been contributorily negligent in pulling into the path of petitioner's truck. Respondent asserted that even if decedent had been contributorily negligent, the doctrine of last clear chance should impose liability on petitioner. The trial judge found that decedent contributed to his own death and that there were no facts to show petitioner could have avoided the accident. Because he could discern no genuine issue of material fact, the trial judge granted summary judgment in favor of petitioner. Respondent appealed.

In its opinion, the Court of Appeals noted that petitioner conceded in deposition that he had seen decedent's car before impact. Petitioner also testified in deposition that he had time only to lift his foot off the accelerator before the collision. Respondent alleged that had petitioner been exercising due diligence he would have seen the automobile in time to avoid the accident. The Court of Appeals held that this discrepancy presented a genuine issue of material fact, so that the question of whether petitioner had the last clear chance to avoid the collision should be submitted to the jury.

The Court of Appeals denied rehearing. We granted certiorari to review the Court of Appeals' opinion.

## II. DISCUSSION

In determining whether summary judgment is appropriate, a court must not try issues of fact, but must discern whether genuine issues of fact exist to be tried. *Spencer v. Miller*, 259 S.C. 453, 192 S.E. (2d) 863 (1972). If triable issues exist, those issues must go to the jury. *Id.* In making its determination, the court must view the evidence in the light most favorable to the party opposing the motion. *Id.* Summary judgment is proper where plain, palpable, and indisputable facts exist on which reasonable minds cannot differ. *Williams v. Chesterfield Lumber Co.*, 267 S.C. 607, 230 S.E. (2d) 447 (1976). Summary judgment is not appropriate where further inquiry into the facts is desirable to clarify the application of the law. *Abrams v. Wright*, 262 S.C. 141, 202 S.E. (2d) 859 (1974).

The doctrine of last clear chance can afford a plaintiff who has negligently subjected himself to a risk of harm the opportunity to recover when the defendant discovers or could have discovered the plaintiff's peril had he exercised due diligence, and thereafter fails to exercise reasonable care to avoid injuring the plaintiff. *Jones v. Atlanta-Charlotte Air Line Ry. Co.*, 218 S.C. 537, 63 S.E. (2d) 476 (1951). However, the doctrine of last clear chance is not applicable in every case where contributory negligence is pled. *Cooper v. Driggers*, 276 S.C. 299, 277 S.E. (2d) 893 (1981). It is applicable only when and if the defendant sees that a negligent plaintiff is in a predicament from which he may not extricate himself and the defendant has an opportunity to avoid the injury in spite of the conduct of the plaintiff. *Id.* Thus, as here, when the emergency arises so suddenly that the defendant has no time to avert the accident, the last clear chance doctrine does not apply. *Brown v. George*, 278 S.C. 183, 294 S.E. (2d) 35 (1982).

Here, when petitioner first observed decedent's automobile, it was already in petitioner's lane of traffic. Petitioner observed decedent's automobile only thirty to forty feet prior to impact. Despite respondent's allegations that petitioner could have avoided the accident, the only factual evidence in the

record is that petitioner had no time to apply his brakes or swerve to avoid the accident. Thus, the Court of Appeals erred in concluding that the doctrine of last clear chance was applicable in this case and hence, that a genuine issue of material fact was presented.

Accordingly, the decision of the Court of Appeals is reversed and the order of the trial judge granting petitioner's motion for summary judgment is reinstated.

Reversed.

GREGORY, C.J., and CHANDLER, FINNEY and TOAL, JJ., concur.