499 S.E.2d 205

**John David SPAHN, Petitioner,**

v.

**TOWN OF PORT ROYAL, Respondent.**

No. 24772.

Supreme Court of South Carolina.

Heard Jan. 20, 1998.

Decided March 9, 1998.

Daniel R. Denton, Beaufort, for petitioner.

Charles E. Carpenter, Jr. and Nina Reid Mack, both of Richardson, Plowden, Carpenter & Robinson, P.A., Columbia; and Robert W. Achurch, III, of Howell, Gibson & Hughes, Beaufort, for respondent.

WALLER, Justice:

We granted certiorari to review the Court of Appeal's opinion *Spahn v. Town of Port Royal*, 326 S.C. 632, 486 S.E.2d 507 (1997). We affirm as modified.

## FACTS/ISSUE

■ This is a comparative negligence case arising out of an accident in which the petitioner, John David Spahn, was injured when an automobile driven by John H. Griffith, a police officer for the Town of Port Royal, struck a jonboat Spahn was attempting to remove from the middle of the road.[1] Spahn and his brother were attempting to retrieve the boat, which had fallen off the roof of Spahn's brother's automobile and landed partially in the road. At trial, Spahn requested the jury be instructed on the law of "last clear chance."[2] The trial judge denied Spahn's request. The jury returned a verdict for the defense.

The Court of Appeals affirmed holding, *inter alia*, that the doctrine of last clear chance had been subsumed by adoption

1. It is unclear whether Spahn was struck by the boat or by the officer's vehicle.

2. Under the doctrine of last clear chance, a plaintiff who negligently subjects himself to a risk of harm may recover when the defendant discovers or could have discovered the plaintiff's peril had he exercised due diligence, and thereafter fails to exercise reasonable care to avoid injuring the plaintiff. *Rothrock v. Copeland*, 305 S.C. 402, 409 S.E.2d 366 (1991); *Jones v. Atlanta–Charlotte Air Line Ry. Co.*, 218 S.C. 537, 63 S.E.2d 476 (1951).

of comparative negligence. The Court of Appeals also held that the factors previously considered in determining last clear chance are inherent in comparative fault and remain as factors to be considered by the jury in apportioning the parties' fault. We granted certiorari and directed the parties to brief the issue of whether the doctrine of last clear chance has been subsumed by adoption of comparative negligence.

## DISCUSSION

■ There is a split of authority as to the continued viability of the last clear chance doctrine after adoption of a comparative negligence scheme.[3] As noted by the Court of Appeals, a majority of jurisdictions [4] hold the doctrine is subsumed by comparative negligence. Jurisdictions adopting this view generally recognize last clear chance as an exception to contributory negligence which provides a mechanism to avoid the harshness of a contributory negligence defense.[5] *See* Prosser and Keeton, *Prosser and Keeton on Torts,* § 66 at pp. 462–463 (5th Ed.1984) (hereafter Prosser and Keeton); *see also* Pros-

3. South Carolina adopted comparative negligence in *Nelson v. Concrete Supply Co.,* 303 S.C. 243, 399 S.E.2d 783 (1991).

4. *See e.g., Kaatz v. State,* 540 P.2d 1037 (Alaska 1975); *Dykeman v. Engelbrecht,* 166 Ariz. 398, 803 P.2d 119 (1990); *Li v. Yellow Cab Co.,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975); *Burns v. Ottati,* 513 P.2d 469 (Colo.App.1973); *Laws v. Webb,* 658 A.2d 1000 (Del.1995); *Hoffman v. Jones,* 280 So.2d 431 (Fla.1973); *Rapoza v. Parnell,* 83 Hawai'i 78, 924 P.2d 572 (1996); *Alvis v. Ribar,* 85 Ill.2d 1, 52 Ill.Dec. 23, 421 N.E.2d 886 (1981); *Bokhoven v. Klinker,* 474 N.W.2d 553 (Iowa 1991); *Kennedy v. Hageman,* 704 S.W.2d 656 (Ky.App.1985); *Ogden v. Dalton,* 501 So.2d 1071 (La.App.1987); *Cushman v. Perkins,* 245 A.2d 846 (Me.1968); *Petrove v. Grand Trunk W. R.R. Co.,* 437 Mich. 31, 464 N.W.2d 711 (1991); *Davies v. Butler,* 95 Nev. 763, 602 P.2d 605 (1979); *Gustafson v. Benda,* 661 S.W.2d 11 (Mo.1983); *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992); *French v. Grigsby,* 571 S.W.2d 867 (Tex.1978); *Dixon v. Stewart,* 658 P.2d 591 (Utah 1982); *Cunningham v. Western Liquid Propane Gas Service, Inc.,* 39 Wash.App. 185, 693 P.2d 123 (1984); *Ratlief v. Yokum,* 167 W.Va. 779, 280 S.E.2d 584 (1981); *Britton v. Hoyt,* 63 Wis.2d 688, 218 N.W.2d 274 (1974); *Danculovich v. Brown,* 593 P.2d 187 (Wyo.1979); Conn. Gen.Stat. § 52–572h(b) (1995); Or.Rev.Stat. § 18.475(1) (1995).

5. Only one South Carolina case denominates last clear chance as an "exception." That is the opinion of Judge Sanders in *Langley v. Boyter,* 284 S.C. 162, 325 S.E.2d 550 (Ct.App.1984), which was quashed on procedural grounds by this Court, 286 S.C. 85, 332 S.E.2d 100 (1985).

ser, *Comparative Negligence,* 51 Mich.L.Rev. 465, 472 (1953) (real explanation for doctrine would appear to be nothing more than a dislike for the defense of contributory negligence, and a rebellion against its application in a group of cases where its hardship is most apparent). Under this view, last clear chance is viewed as a crude form of "comparative negligence" such that in cases in which the defendant has the last clear chance to avoid an injury, the plaintiff's negligence is treated comparatively. *See* Hubbard and Felix, *Comparative Negligence in South Carolina: Implementing Nelson v. Concrete Supply Co.,* 43 S.C.L.R. 273, 284 (1992) (hereafter Hubbard and Felix). Upon adoption of comparative negligence, jurisdictions adhering to this view generally hold the doctrine of last clear chance no longer survives as an independent "all or nothing" doctrine; rather, the elements of last clear chance remain as factors for the jury's consideration in weighing the parties' negligence. *See* Woods and Deere, *Comparative Fault,* § 8.2 at pp. 172 (3rd Ed.1996) (hereafter Woods and Deere) (doctrine of last clear chance has crumbled under legislative acts and judicial decisions adopting comparative negligence); Prosser and Keeton at § 67, n. 82–83 (listing states which abolish last clear chance as an independent doctrine upon adoption of comparative negligence).

South Carolina has not followed the majority view of the doctrine of last clear chance. On the contrary, we have historically treated the doctrine not as an "exception," but as separate and distinct from contributory negligence. *See e.g., Smith v. Blackwell,* 250 S.C. 170, 156 S.E.2d 867 (1967). We have done so on the theory that the plaintiff's negligence has become remote such that the defendant's negligence is the sole proximate cause of an injury. *See generally* Hubbard and Felix, 43 S.C.L.R. at 284. Under this view, antecedent negligence which has become remote in the chain of causation is not contributory. *Smith v. Blackwell,* 250 S.C. 170, 156 S.E.2d 867 (1967) (doctrines of contributory negligence and last clear chance are mutually exclusive and both cannot apply to the same state of facts). *See also Seay v. Southern Railway–Carolina Division,* 205 S.C. 162, 31 S.E.2d 133 (1944); *Brown v. George,* 278 S.C. 183, 294 S.E.2d 35 (1982) (last clear chance doctrine does not apply where the plaintiff's act combines and concurs with the defendant's act as a proxi-

mate cause of the injury); *Cooper v. Driggers,* 276 S.C. 299, 277 S.E.2d 893 (1981) (doctrine applies only where the plaintiff's lack of due care has become remote in the chain of causation and is but a mere condition of his injury; it does not apply if plaintiff's act combines and concurs with the defendant's act as a proximate cause of the injury); *Jones v. Atlanta–Charlotte Air Line Ry. Co.,* 218 S.C. 537, 63 S.E.2d 476 (1951) (rule of last clear chance converts plaintiff's prior negligence into the remote, rather than the proximate cause of the injury); *Jones v. Cannerella,* 297 S.C. 212, 375 S.E.2d 352 (Ct.App.1988) (doctrine of last clear chance is but a phase of the doctrine of proximate cause); *Johnston v. Ward,* 288 S.C. 603, 344 S.E.2d 166 (Ct.App.1986) (before doctrine can be applied, plaintiff's negligence must have ceased to operate as a proximate cause of the injury while there was still time for the defendant's negligence to intervene).

A minority of jurisdictions which treat the doctrine of last clear chance as a matter of proximate cause hold, upon adoption of comparative negligence, that last clear chance remains a separate doctrine.[6] However, virtually every commentator our research reveals criticizes the rationalization that last clear chance is a doctrine of proximate cause, finding that treating it as a matter of proximate cause is inconsistent with adoption of comparative negligence. *See* Prosser and Keeton, § 66 at pp. 462–463 (treatment of last clear chance as doctrine of proximate cause is out of line with idea of proximate cause since any injury to the plaintiff, and defendant's subsequent negligence, is generally within the risk which plaintiff created); Woods and Deere, *Comparative Fault,* § 8.2 at 173, *citing* MacIntyre, *The Rationale of Last Clear Chance,* 53 Harv.L.Rev. 1225 at 1251–1252 (1940) (doctrine of last clear chance is only a disguised escape from contributory negligence and serves no useful purpose in jurisdictions adopting comparative negligence; decisions superimposing last clear chance on comparative negligence schemes resulting

---

**6.** *See e.g., Bezdek v. Patrick,* 170 Neb. 522, 103 N.W.2d 318 (1960); *Vlach v. Wyman,* 78 S.D. 504, 104 N.W.2d 817 (1960). *See also* Thomas Trenkner, *Modern development of comparative negligence doctrine having applicability to negligence actions generally,* 78 A.L.R.3d 339, § 15(a) (hereafter Trenkner) (setting forth jurisdictions retaining last clear chance after adoption of comparative negligence).

from the greater fault meaning which the phrase 'proximate cause' had acquired during the common law struggle to escape from the contributory negligence bar, add injustice as well as complexity to an already confused *corpus juris* ); Grehen, *Notes: Comparative Negligence,* 81 Columbia L.Rev. 1668, 1678–80 (1981) (recognizing that retention of last clear chance is inconsistent with the modern view of proximate causation under which causal contribution of plaintiff's negligence would be recognized); Mutter, *Moving to Contributory Negligence in an Era of Tort Reform,* 57 Tenn.L.Rev. 199, 275 (1990) (espousing that better view is proximate cause rationale should not be used to justify retention of last clear chance in comparative negligence jurisdiction); Calabresi and Cooper, *New Directions in Tort Law,* 30 Val.U.L.Rev. 859 (1996) (adoption of comparative negligence has rendered doctrine superfluous since it allows evaluation of each parties' negligence and allocation of damages accordingly). It has also been stated that:

> This rationale [of proximate cause] is merely verbal and "cannot stand the most superficial analysis if it purports to apply to plaintiff the test of legal cause generally used today in the inquiry as to a defendant's liability." If plaintiff's negligent wrongdoing causes injury to a third party, he may be liable to the third party even though the principal defendant had in relation to plaintiff "the last clear chance."

Schwarz, at § 7.1, p. 130. *See also* Bettenga, *Instructing the Jury on Comparative Fault Issues,* 14 Wm. Mitchell L.Rev. 807, 828 (1988) (suggesting that retention of last clear chance based on issues of proximate cause is inappropriate).

The above authorities are persuasive that the rationalization for last clear chance as a matter of proximate cause is simply unnecessary where the jury may compare the parties' negligence. Accordingly, we decline to do so. We agree with the Court of Appeals that the better view is to hold that last clear chance has been subsumed by adoption of comparative negligence such that it remains a factor for the jury's consideration in comparing the parties' fault, but that it does not totally relieve a plaintiff of his or her negligence. To hold otherwise is inconsistent with the purpose and policy behind adoption of comparative negligence. *Accord Li v. Yellow Cab Co., supra* (when comparative negligence is adopted, the need for last

clear chance as a palliative of the hardships of the all or nothing rule disappears and its retention results only in a windfall to the plaintiff in direct contravention of the principle of liability in proportion to fault); *see also Laws v. Webb, supra* (a doctrine that assigns sole liability to one party regardless of the amount of fault simply cannot survive under a system of comparative negligence). We therefore affirm the Court of Appeals' opinion.[7]

The question remains, however, whether the elements of the doctrine are to be charged to the jury in weighing the parties' fault in a comparative negligence case. We find such an instruction proper in an appropriate case. *Accord Eaton v. McLain,* 891 S.W.2d 587, 591–92 (Tenn.1994) (finding it appropriate to give jury guidance as to their consideration of factors of last clear chance; although doctrine no longer independent, it is still relevant to jury's consideration). We find the following jury charge, as suggested by Professors Hubbard and Felix,[8] appropriate in the context of a comparative negligence case:

> In determining the relative percentages of negligence for the plaintiff and the defendant, you should consider, as a factor relevant to the defendant's share of negligence, whether the plaintiff was in peril and unable to extricate himself from the peril. If the plaintiff was in peril, you should also consider whether the defendant was aware of that peril and if he was, whether the defendant could have then avoided the injury to the plaintiff if the defendant had used due care at that point.

The Court of Appeals' opinion is

**AFFIRMED AS MODIFIED.**

FINNEY, C.J., TOAL, MOORE and BURNETT, JJ., concur.

---

7. To the extent existing South Carolina case law which treats the doctrine of last clear chance as a matter of proximate cause is inconsistent with this opinion, it is overruled.

8. *See* 43 S.C.L.R. at 325.