352 S.C. 535 (2002)
574 S.E.2d 751
BURROUGHS & CHAPIN COMPANY, INC., f/k/a Burroughs and Collins Co., Respondent,
v.
SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, Appellant.
In re South Carolina Department of Transportation, Condemnor,
v.
Burroughs & Chapin Company, Inc., f/k/a Burroughs and Collins Co., Landowner.
No. 3575.
Court of Appeals of South Carolina.
Heard October 11, 2002.
Decided December 9, 2002.
Rehearing Denied January 27, 2003.
*536 B. Michael Brackett, of Columbia; for appellant.
Michael H. Quinn, of Columbia; for respondent.
HEARN, C.J.
South Carolina Department of Transportation (SCDOT) condemned property owned by Burroughs & Chapin Company *537 (B & C) in Horry County. A jury trial was held to determine the amount of just compensation owed to B & C for the property taken as well as for any diminution of value in the remaining property. SCDOT appeals the jury's verdict of $87,510.63, arguing the trial judge erred in the admission of expert witness testimony and in charging the jury in violation of the "unit rule." Because we find the trial judge erred in charging the jury, we reverse and remand for a new trial.

FACTS
SCDOT condemned property owned by B & C to complete the construction of the Conway Bypass pursuant to its power of eminent domain under the South Carolina Eminent Domain Procedure Act. S.C.Code Ann. § 28-2-10, et seq. (Supp.2001). SCDOT calculated just compensation for the property at $15,975.00. The condemnation resulted in an acquisition of 10.8 acres; however, another 6.9 acres of B & C's property were left landlocked. Both tracts were heavily timbered.
At trial, B & C presented two expert witnesses whose testimony was used as evidence of the value of the property. Tracey Knight, a registered forester, testified as an expert in the field of timber appraisal. He stated that his appraisals are often used for the purpose of valuing property to be sold. He also stated that his appraisal was the "market" value of the timber as of September 1998. He testified that the condemned land had 7.8 acres of merchantable timber valued at $30,281.00 and the landlocked portion of the remaining property had timber valued at $28,993.00. Knight testified, however, that it would not be economically feasible to harvest the timber from the landlocked tract of land.
SCDOT moved[1] to strike Knight's testimony on the grounds that it violated the unit rule,[2] failed to relate the value *538 of the timber to the value of the property, and was based on lost gross revenue or gross profits. The trial judge denied the motion.
After Knight's testimony, the trial judge gave a cautionary instruction to the jury regarding the value of the timber on B & C's property. The trial judge defined the term "fair market value" and stated that the value of the timber was one component of the property which the jury could use in determining the fair market value of the property. However, he further instructed the jury that:
... if you feel that it is fair and just under the circumstances of this case to add the specific value of a component part of a property, or a portion of that value, such as the timber, you may do so in your calculations, or you may consider the timber value generally in reaching a fair market value determination of the property. This ultimately is your decision to make....
SCDOT objected to the cautionary instruction on the basis that it allowed the jury to "add these components together."
Next, Joe Rosen, a real estate appraiser, testified that the market value of B & C's land prior to condemnation was $222,050.00, and after condemnation the value of the remaining property was $99,850.00. He testified that just compensation to B & C would be $122,200.00.
In explaining his methodology for the appraisal, Rosen testified that he valued the land as if it had no timber and then added the appraised value of the timber as calculated by Knight. He stated that he found comparable pieces of property, made customary adjustments for the location, size, utilities, land type, etc., and then adjusted each piece by deducting any value of timber on the property. He used the same methodology for appraising the before-condemnation and after-condemnation values of the property. SCDOT moved to strike Rosen's testimony as violating the unit rule. The trial judge denied the motion.
SCDOT's expert appraised the land at $16,000.00. He testified that he compared the per acre values of several other *539 tracts and made adjustments prior to arriving at that figure. He further stated that he did not do "before and after" valuations of B & C's property because the valuation arrived at for the condemned piece was less than $30,000.00. He stated that he did not value the timber separately because the comparable sales all had timber which was considered as part of the value of the property.
The trial judge gave a jury charge very similar to his prior cautionary instruction. He explained the general definition of fair market value and also told the jury on several occasions that it was valuing the property as a whole. However, he again indicated that the jury was free to add the value of the timber to the value of the land to arrive at its decision on just compensation. He also explained that the jury was free to consider the testimony presented, but did not have to rely upon it for making a determination. SCDOT's objection to the charge was overruled. The jury returned a verdict in favor of B & C in the amount of $87,510.63.

DISCUSSION

Admission of Evidence
SCDOT contends the trial judge erred in admitting the testimony of Knight and Rosen. SCDOT asserts the testimony violated the unit rule and that Knight's testimony made no attempt to equate the value of the timber with the value of the property as a whole. We disagree.
The admission or exclusion of expert testimony is a matter within the sound discretion of the trial court. Payton v. Kearse, 329 S.C. 51, 60-61, 495 S.E.2d 205, 211 (1998). Absent a clear abuse of discretion amounting to an error of law, the trial court's ruling will not be disturbed on appeal. Hofer v. St. Clair, 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989).
The unit rule states that an award of just compensation may not be reached by assigning separate values to component parts of the property, including separating timber from the land, and requires that improved property be valued as a whole. See 4 Julius Sackman, Nichols on Eminent Domain § 13.09[5] (Rev.3d ed.1997); 26 Am.Jur.2d Eminent Domain *540 § 338 (1996). The trial judge relied on the case of City of Hillsborough v. Hughes, 140 N.C.App. 714, 538 S.E.2d 586 (2000), in determining that the admission of B & C's experts' testimony was proper. In Hughes, the North Carolina Court of Appeals found that testimony of the value of timber on condemned property was proper evidence for consideration by the jury. Id. at 589. The court opined that the average person would consider the value of the timber in reaching a decision regarding the value of the property, and, therefore, the value was an appropriate consideration for the jury in determining just compensation for the condemned property. Id. at 588-89.
The Hughes court also cited Cade v. United States, 213 F.2d 138 (4th Cir.1954), in which the Fourth Circuit Court of Appeals addressed the issue of assigning separate valuations. The court in Cade refused to prohibit testimony as to the separate valuation of enhancing components of the land. The Cade court upheld the expert's method of valuation. The court reasoned:
The trial judge was correct in thinking that the property should be valued as a whole for the purpose of assessing compensation for the taking; but this does not preclude the admission of testimony showing particular elements of value for consideration by the jury in arriving at the overall value which they are required to find as the basis for compensation.
Id. at 142. While South Carolina has never expressly adopted the unit rule, our supreme court has addressed the admission of testimony regarding the value of mineral deposits on condemned land. In Seaboard Coast Line R.R. v. Harrelson, 262 S.C. 38, 42, 202 S.E.2d 1, 3 (1974), the court stated:
The existence of valuable mineral deposits is a proper consideration in ascertaining the value of land taken in an eminent domain proceeding insofar as it influences the market value of the land. This rule, expressed in a great number of decisions and recognized by all the leading textwriters on this subject, has been applied indiscriminately to all forms of mineral deposits, including sand and gravel and limestone.
*541 We see no reason why the same logic would not apply to the admission of evidence of the value of timber in this case. Although SCDOT argues the evidence is barred by the unit rule, we believe the better solution is to allow the presentation to the jury of all evidence that bears upon its ultimate responsibility in deciding the fair market value of the property. See S.C.Code Ann. § 28-2-340 (Rev.1991) (stating evidence which is relevant, material, and competent may be admitted as evidence and considered by the judge or the jury for the purpose of determining the value of the land sought to be condemned and fixing just compensation); Cade, 213 F.2d at 142. While the unit rule precludes the jury from valuing the property as separate units, the value of those units may enhance the fair market value of the property as a whole. Thus, while the property is to be valued as a whole, we do not find that this precludes the admission of testimony showing the separate value of individual elements for consideration by the jury in arriving at the overall value, which is the basis for compensation.
SCDOT further argues the valuation was based on lost gross profits from B & C's business operations, without accounting for the expenses required to cultivate and harvest the timber. After reviewing the record, we agree that Knight's testimony failed to account for any expenses associated with planting or cutting the timber. However, this same argument was made in Seaboard and in that case the supreme court noted: "While this contention is not without some appeal, we think the same is addressed to the weight of the evidence, which was a jury matter, and not to its admissibility." 262 S.C. at 41-42, 202 S.E.2d at 3. We agree that the evidence in this case was for the jury to consider. Accordingly, we find the evidence was properly admitted.

Jury Charge
SCDOT next argues the jury charge was erroneous because it allowed the jury the opportunity to add the value of the timber to the value of the underlying land to reach its decision as to the value of the property as a whole. We agree.
A trial court must charge the current and correct law. McCourt ex rel. McCourt v. Abernathy, 318 S.C. 301, *542 306, 457 S.E.2d 603, 606 (1995). "In reviewing jury charges for error, we must consider the court's jury charge as a whole in light of the evidence and issues presented at trial. If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error." Keaton ex rel. Foster v. Greenville Hosp. Sys., 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999) (quoting Bragg v. Hi-Ranger, Inc., 319 S.C. 531, 546, 462 S.E.2d 321, 330 (Ct.App.1995)); see also Waldrup v. Metropolitan Life Ins. Co., 274 S.C. 344, 346, 263 S.E.2d 652, 654 (1980) (stating an appellate court must view the jury charge as a whole before assigning prejudicial error to a discrete portion of the charge).
Here, the trial judge began his charge by defining just compensation and fair market value. He also stated that the jury was not to consider speculative damages, but must "confine your consideration only to those elements which actually affect the property's market value." The trial judge then explained two methods for computing just compensation; first, by "adding to the fair market value of the condemned property... an amount which represents the decrease in value of the remaining land," and second, to determine "the fair market value of the landowner's entire property before the condemnation and subtracting from this amount the fair market value of the property which remained after the taking."
The trial judge again explained the definition of fair market value and the fact that compensation to the landowner was the fair market value of the land taken plus any decrease in the value of the land remaining. The trial judge instructed the jury that any damages arising to the remaining land as a result of the condemnation were to be considered in determining just compensation.
Finally, the trial judge again gave an instruction relating to Knight's and Rosen's testimony:
Yesterday, you heard testimony about one component of that property, the timber value. I tell you that this information is given to you for your consideration in determining fair market value and you may give it such weight and effect as you, the jury, deem appropriate.

*543 ....
In valuing a piece of property, and this is the example I gave you this morning, if I was selling my home, I would not calculate the value by taking a figure that the property is worth and then add to it certain components, such as the fig tree in the back yard, corn which may be in my garden, or a collection of stones which may be in the yard.
These factors may be generally considered in determining a value, but are not usually added one by one. However, if you feel that it is fair and just under the circumstances of this case to add the specific value of a component part of the property, such as the timber, you may do so in your calculations, in whole or in part, or you may consider the timber value generally in reaching a fair market value of the property. This is your decision.
(emphasis added).
We have found the North Carolina opinion in City of Hillsborough instructive regarding the application of the unit rule. The Hillsborough court concluded that it was proper to allow the jury to consider the value of the timber in reaching its decision regarding the fair market value of the property for just compensation. City of Hillsborough v. Hughes, 140 N.C.App. 714, 538 S.E.2d 586 (2000). However, the court made it clear that the separate value of the timber was not to be added to the value of the property. Id. The trial judge expressly prohibited the jury from adding the value of the timber which may have been removed from the property. The North Carolina Court of Appeals stated the timber was one "factor" to consider in determining the fair market value. See Hughes, 538 S.E.2d at 589.
We agree that the jury is allowed to consider the value of the timber in reaching its decision regarding fair market value of the property. According to section 28-2-370, the jury is to value just compensation as the value of the property taken and the diminution in value of the remaining property. S.C.Code Ann. § 28-2-370 (Supp.2001). The trial judge's charge was correct to the extent that it stated the jury must find the fair market value of the property, which is what a willing buyer will pay a willing seller. The trial judge was also correct in allowing the jury to consider the testimony regarding the *544 value of the timber. However, in this case, the trial judge's charge went beyond the charge affirmed in the Hughes decision. The trial judge erred by specifically stating the jury may add the value of the timber to the value of the land if it so chose. This is not the proper method for reaching a decision regarding just compensation under section 28-2-370. While it is clear that the jury did not add the full value of the timber to the land value as testified to by Rosen, we cannot say that the erroneous charge did not affect the amount of the verdict.

CONCLUSION
We find Rosen's and Knight's testimony was probative and relevant to the jury's ultimate purpose of determining the market value of the property as a whole. However, it was improper to charge the jury that values of the separate elements of the property can be added together to determine the value of the property as a whole. Accordingly, the judgment is
AFFIRMED IN PART & REVERSED AND REMANED.
GOOLSBY and HOWARD, JJ., concur.
NOTES
[1] Prior to trial, SCDOT filed a motion in limine to exclude the testimony of B & C's expert witnesses claiming both experts' testimony violated the unit rule. SCDOT also sought to exclude Knight's testimony because it was a calculation of lost gross profits and unrelated to the market value of the land. The trial judge denied SCDOT's motions.
[2] The unit rule prohibits an award of compensation by assigning separate values to component parts of the property and then adding them together to reach the value of the whole property. See 4 Julius Sackman, Nichols on Eminent Domain § 13.09[5] (Rev.3d ed.1997); 26 Am.Jur.2d Eminent Domain § 338 (1996).