HOSFORD v. WYNN.

1. The decision of this court in *Hosford* v. *Wynn*, 22 *S. C.*, 309, stated, and *held* that the court did not there pass upon the legality of the assignment of homestead recited in that case.
2. An assignment of homestead as against a debt contracted prior to the constitution of 1868 is null and void, and may therefore be disregarded whenever encountered.

Before WITHERSPOON, J., Richland, April, 1885.

The opinion states the case.

*Messrs. Bachman & Youmans*, for appellant.

*Mr. John Bauskett*, contra.

February 16, 1887. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. Robert Wynn died intestate in November, 1861, seized and possessed of two tracts of land— the "Berry Bottom" tract, containing 400 acres, and the "Sterling Hill" tract, containing 232 acres. It does not clearly appear that the intestate left any debts, but in the year 1872 a petition was filed in the Probate Court of Richland County to partition the lands among the widow and children of the intestate; and in that proceeding the widow, Martha C. Wynn, claimed both "homestead and dower" in the lands. William Hutson Wigg, Esq., then the probate judge, allowed the claim and appointed commissioners, who, without distinguishing what portion was "homestead" and what "dower," assigned both the aforesaid tracts of land to Mrs. Wynn "as her homestead and dower." In

the meantime, in 1867, the widow, Martha C., had contracted a debt of her own to the plaintiff, Andrew J. Hosford, who sued it to judgment in 1872, renewed it in 1882, and under it levied and sold the whole of the lands as the property of the said Martha C. Wynn. At the sale the lands were purchased by the plaintiff, who took sheriff's titles and brought this action to recover the lands. The defendant put in a general denial, and as a further defence set up that "she held the lands as her homestead, duly set apart to her out of the estate of her late husband, Robert Wynn," &c.

At the first trial it was contended for the plaintiff that the defendant could not set up homestead as against his debt, which was contracted in 1867, before the adoption of the constitution, and he had a verdict; but upon appeal to this court a new trial was granted upon the view that the homestead claimed was not the defendant's individual homestead as the head of a family against her own debts, but a "family homestead," transmitted to her as against the debts of her late husband, which could not be disturbed by a debt of her own, whether it was contracted before or after the constitution of 1868. This was the exact point decided, and in doing so it was assumed that this family homestead "had been legally assigned."[1] But, as directed, the case went back, and upon the second trial the facts of the whole case were brought out, and the plaintiff directly impeached the assignment of homestead by the probate judge, and denied its legality and validity. A trial by jury was waived and the case submitted to the Circuit Judge, who held that the right of the defendant to the homestead which had been assigned to her was conclusively adjudged by the former judgment of this court, and as no evidence had been offered to enable the court to distinguish the dower from the homestead assigned, that the plaintiff was not entitled to recover any part of the lands, and dismissed the complaint. The plaintiff appeals to this court upon the following exceptions :

"I. That his honor erred in holding that the only question presented upon the new trial was, can the defendant claim a

[1] See 22 S. C., 309.

right of homestead in the land in dispute against plaintiff's judgment.

"II. In holding that this question has been already decided by the Supreme Court in favor of defendant.

"III. In holding that the plaintiff was entitled to relief only to the extent of dower embraced in the assignment.

"IV. In holding that though plaintiff was entitled to relief to that extent it could not be granted.

"V. Because the husband of the defendant, having died before the adoption of the constitution of 1868, he was not entitled to homestead, nor was the defendant entitled to it as a right descended by the constitution, statutes, or otherwise, and his honor should have so decided.

"VI. Because the cause of action having arisen prior to the constitution, the defendant could have no right as against the plaintiff's title as purchaser at the sale under execution issued on the judgment obtained upon said cause of action, and his honor should have so decided.

"VII. Because all homestead provisions in the constitution and statutes of the State, in so far as they in any manner affect the rights of the plaintiff herein, impair the obligation of contracts, and are in violation of section 10, article I., of the constitution of the United States, and his honor should have so held.

"VIII. Because the proceedings in the Probate Court, even if valid *inter partes*, cannot injuriously affect the rights of plaintiff, and his honor should have so held," &c.

We do not think that the question of the defendant's right to the homestead assigned by the probate judge was conclusively determined by the former judgment in the case. As we understand it, the rule as to *res adjudicata* is, that where a former judgment is relied on, "it must appear from the record that the point in controversy was necessarily decided in the former suit (or former judgment), or be made to appear by extrinsic proof, that it was in fact decided." See *Hart* v. *Bates*, 17 *S. C.*, 43, and the authorities there cited. It does not appear that, in the former judgment in the case, the point as to the right of the defendant to the homestead interposed was ever considered at all. On the contrary, the attention of the court was directed to

another question which assumed that the homestead had been regularly and legally assigned. The Chief Justice, in delivering the judgment, said : "Here, however, the homestead has been allowed, and, as we assume, legally assigned, and the note of the defendant ante-dating the constitution could not have prevented the assignment had it been presented to the court which ordered it, because she was not claiming the homestead as a debtor entitled thereto as against her own debt, but claiming it against her husband's debts—claiming it, in fact, as the family homestead descended to her under the act by his death. An old debt of his would have defeated the claim, but no such debt of hers could have done so had it been presented," &c. It thus appears that the court proceeded on the view that the homestead interposed was a family homestead, which had been transmitted, and had been "legally assigned." Besides, the new trial ordered was unrestricted and general in its terms, and, as it seems to us, opened anew all the questions in the case and made them *res integra.*

This being so, was the homestead assigned at the time, in the manner and under the circumstances shown, a good defence against the plaintiff's claim ? Under our decided cases we are constrained to hold that it was not. It was made to appear that Robert Wynn died in 1861, and assuming that he left debts, it is perfectly clear that they must have been contracted before the adoption of the constitution in 1868. He was, therefore, certainly not entitled to homestead against these debts when he died, and, as a consequence, his widow was not entitled in 1872 to a transmitted homestead, which the judge of probate undertook to assign to her as against these same debts. Such action was unauthorized, not merely voidable, but absolutely void, and may be so declared in any proceeding, direct or collateral ; for what is absolutely void may be disregarded as a nullity whenever and wherever it is encountered. See *Gunn* v. *Barry*, 15 *Wall.*, 610; *Bull* v. *Rowe*, 13 *S. C.*, 365; and *Douglass* v. *Craig*, *Ibid.*, 374. In this last case, upon the very point in issue, the court said : "The intestate debtor (J. F. Craig) died before the constitution allowing homestead was adopted, and therefore it was clear that all his debts were in existence at that time—that his

widow was not entitled to homestead (*Cochran* v. *Darcy*, 5 S. C., 125), and the assignment of homestead to her was simply void."

The defendant does not claim that she is entitled to have a new homestead assigned to her as against her own debt to the plaintiff; and if she did so, the claim could not be allowed. Her debt to the plaintiff upon which the judgment was recovered that levied and sold the land was contracted in 1867, before the adoption of the constitution; and according to the authorities above cited, that fact excluded her from a homestead in her own right as against that debt. Besides, judgment had been recovered against her, she was the defendant in execution, and, under the general rule, the sheriff's sale and deed carried to the purchaser all her leviable interest in the lands, just as if she had herself executed the deed. *Steele* v. *Mansell*, 6 *Rich.*, 440.

The conclusion of the matter is, that the homestead assigned to the defendant by the probate judge must be considered as "sponged out"; but being the widow she was entitled to her dower—one-third for life, or to a distributive share in the lands. We suppose that at the time it was done (1872) the probate judge had jurisdiction to assign dower in the manner prescribed by law. But as no particular parcel by metes and bounds was set off as dower, and the action is for the recovery of specific lands, we can do no more than set aside the decision sustaining the homestead and remand the case for such further action as the parties may be advised.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and the cause remanded in accordance with the conclusions herein announced.

Mr. Chief Justice Simpson concurred.

Mr. Justice McIver concurred in the result as follows: It seems to me that the Circuit Judge was in error in supposing that the question now presented as to the validity of defendant's claim of homestead was decided by this court at the hearing of the former appeal. 22 *S. C.*, 309. At the first trial Judge Aldrich, who then presided, held that the claim of homestead set up by the defendant could not prevail against a judgment recovered upon a cause of action which accrued before the adoption of

the constitution, which, as an abstract proposition, was undoubtedly correct. But as the homestead claimed was *not* as an exemption from the debts of the defendant herself, but an exemption from the debts of her deceased husband, this court simply held that there was error in applying this correct legal proposition, in the abstract, to the particular case presented for adjudication, and therefore sent the case back for a new trial generally, which, of course, involved the necessity for a trial and determination of *all* the issues presented.

The question now presented for adjudication, to wit, whether there ever had been a valid assignment of homestead to the defendant, as the widow of her deceased husband, was never presented, considered, or decided, either in the first trial on Circuit, or in the former hearing in this court. It certainly was not considered or determined by Judge Aldrich, for, in the view which he took, it was wholly immaterial whether there had been a valid assignment of homestead or not, and this court, when called upon to inquire whether there was error in his ruling, would have had to assume, as it did assume, *for the purposes of the inquiry then presented*, that there was a valid assignment of homestead, in order to reach the question whether Judge Aldrich had erred in the view which he took. Accordingly we find that the Chief Justice, in delivering the former opinion in this case, uses this language : *"For the purposes of this case*, therefore, we must assume that she is legally in possession as homesteadee, with all the rights that appertain to such possession." And again : "Here, however the homestead has been allowed, and, *as we assume*, legally assigned." (Italics mine.)

So that it is apparent the question now presented, to wit, whether a homestead had ever been legally assigned to the defendant as the widow of her deceased husband against his debts, has never before been considered or decided, and is now open for adjudication. It certainly was not, *in fact*, considered at the former hearing, and was not *necessarily* involved in the issue then presented, and therefore when the case was sent back for a new trial the plaintiff had a right to have such question considered and determined ; for the only point really decided by the former opinion is, that where a tract of land has been assigned to the

widow of a deceased husband as a homestead, and as such exempt from his debts, such land cannot be sold under an execution against her, even though the judgment upon which such execution was issued, was obtained on a cause of action arising before the adoption of the constitution, because she has no leviable interest in such land, but a mere right of occupancy as a homestead.

Having reached the conclusion that the question now presented is not *res adjudicata* by the former decision, it is only necessary for me to add that I fully concur in the conclusion reached by Mr. Justice McGowan, that the husband of the defendant having died before the adoption of the constitution, no valid assignment of homestead to his widow could have been made, as claimed by her.

Judgment reversed.