509 S.E.2d 286

**Alphonso COHENS, Respondent,**

v.

**Lonnie G. ATKINS, Appellant.**

**No. 2903.**

Court of Appeals of South Carolina.

Heard Nov. 4, 1998.

Decided Nov. 16, 1998.

Rehearing Denied Jan. 30, 1999.

Robert J. Thomas, of Rogers, Townsend & Thomas, of Columbia, for Appellant.

John W. Carrigg, Jr., and Jon T. Clabaugh, Jr., both of Hammer, Hammer, Carrigg & Potterfield, of Columbia, for Respondent.

ANDERSON, Judge:

This is a negligence action brought by Alphonso Cohens for damages sustained in an automobile accident. The jury awarded Cohens $3,700 in actual damages. On appeal, the defendant, Lonnie Atkins, contends the trial judge erred (1) in failing to charge the complete text of S.C. Code Ann. § 56–5–1520(a) (1991) (articulating general rule on driving too fast for conditions) and (2) in excluding evidence that Cohens's attorney referred him to a physician for additional medical treatment. We reverse and remand.

## FACTUAL/PROCEDURAL BACKGROUND

The accident occurred on Highway 378 in Richland County on June 11, 1995. It was a rainy Sunday afternoon, just before 5:00 p.m. Cohens testified that he entered the right lane of Highway 378, a four-lane highway, from another road.

Cohens was traveling around 50 to 55 m.p.h. in the right lane when he realized that he needed to turn around. Cohens turned his signal on and proceeded to move into the left lane after checking for oncoming traffic. Cohens stated he began to slow down to 25 or 30 m.p.h. while in the left lane because he intended to turn around at a median that was approximately 400 feet away. Cohens estimated that he had been in the left lane approximately 15 to 20 seconds when Atkins struck his car from behind. Cohens described the impact as "pretty hard."

Cohens was in good health before the accident, but his neck and back were hurt in the collision. On Sunday evening, he went to a Doctor's Care office, where he received a neck brace and medicine. Cohens testified he went to the emergency room at Baptist Medical Center the following day because he continued to have pain. He saw Dr. Joseph Cavanaugh, an internist, for a total of five visits, and went to Columbia Rehabilitation for eight physical therapy sessions. Cohens has fully recovered from the accident. Cohens presented medical bills totaling $2,192.88 which were incurred as a result of the accident. Dr. Cavanaugh was not called as a witness at trial. Cohens also claimed $3,069.81 in property damage for repairs to his car and $224 for two days of lost wages. The jury returned a verdict of $3,700 in favor of Cohens. Atkins appeals.

## ISSUES

(1) Did the trial judge err in failing to charge the complete text of § 56–5–1520(a)?

(2) Did the trial judge err in excluding evidence that Cohens was referred for additional medical treatment by his attorney?

## STANDARD OF REVIEW

In an action at law on appeal of a case tried by a jury, the jurisdiction of this Court extends merely to corrections of errors of law, and a factual finding of the jury will not be disturbed unless a review of the record discloses there is no evidence which reasonably supports the jury's findings.

*Townes Assocs., Ltd. v. City of Greenville,* 266 S.C. 81, 221 S.E.2d 773 (1976).

## LAW/ANALYSIS

### 1. JUDGE'S INSTRUCTION ON § 56-5-1520(a)

■ Atkins contends the trial judge erred in denying his request to charge the last sentence of § 56-5-1520(a), which the judge intentionally omitted from his instruction on the statute to the jury.

At trial, Atkins testified he was traveling in the left lane of Highway 378 when he saw a group of three vehicles entering the right lane from an entrance ramp. It had been raining and the road was wet. The middle vehicle, driven by Cohens, had a left turn signal on, but Cohens did not immediately attempt to move into the left lane. As Atkins approached the third vehicle in line, Cohens moved over into the left lane in front of him. Atkins stated he started to slow down, but as he did so, Cohens "hit his brakes and I hit my brakes hard and hit him." Atkins asserts the defense theory was Cohens changed lanes abruptly and braked in order to make an immediate U-turn.

Cohens's attorney asked the trial judge to charge § 56-5-1520(a), which reads as follows:

> General rule. No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed must be so controlled as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway *in compliance with legal requirements and the duty of all persons to use care.*

S.C.Code Ann. § 56-5-1520(a) (1991) (emphasis added). The judge agreed to the request, and he charged the jury on the statute in the following manner:

> The general rule in this state is that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed must be so controlled as may be necessary to avoid

colliding with any vehicle or conveyance on the highway. In other words, you've got to govern your speed so as to be careful to avoid hitting somebody. All right. But that's the statute and if you find the person violated that statute, then you've found that this person was careless.

At the conclusion of the jury instructions, defense counsel for Atkins objected to the omission of the words "in compliance with legal requirements and the duty of all persons to use care" in the charge of § 56-5-1520(a). Counsel argued the omission made the statute sound like it imposed an unqualified duty on the part of the defendant to avoid colliding with any vehicle or conveyance on or entering the highway. The trial judge stated he intentionally deleted the language, but qualified the statute by subsequently stating "you've got to be careful, exercise ordinarily [sic] care with your speed."

When instructing the jury, the trial judge is required to charge only the current and correct law of South Carolina. *McCourt v. Abernathy,* 318 S.C. 301, 457 S.E.2d 603 (1995). "To warrant reversal for refusal to give a requested instruction, the refusal must have not only been erroneous, but prejudicial as well. Refusal to give a properly requested charge is not error if the general instructions are sufficiently broad to enable the jury to understand the law and the issues involved." *Id.* at 306, 457 S.E.2d at 606 (citations omitted). *See also Fernanders v. Marks Constr. of South Carolina, Inc.,* 330 S.C. 470, 499 S.E.2d 509 (Ct.App.1998) (a trial judge is required to charge only the current and correct law of South Carolina; ordinarily, a trial judge has a duty to give a requested instruction that correctly states the law applicable to the issues and evidence); *Brown v. Smalls,* 325 S.C. 547, 481 S.E.2d 444 (Ct.App.1997) (a trial judge is required to charge the current and correct law, and ordinarily has a duty to give a requested instruction that correctly states the law applicable to the issues and evidence; when general instructions to the jury are insufficient to enable the jury to understand fully the law of the case and the issues involved, refusal to give a requested charge is reversible error).

On appeal, Atkins contends the omission of the language from the statute was prejudicial error because the charge as given lends support to the common belief that in a rear-end

collision the second vehicle is usually, if not always, at fault. Cohens concedes the omitted language was a correct statement of the law and may be applicable to the issue of his alleged comparative negligence in causing the accident. However, he argues the remainder of the jury charge adequately covered the concepts of negligence and comparative negligence such that there was no prejudice to Atkins.

Based on the record, we conclude the trial judge erred in failing to charge the language omitted from § 56–5–1520(a). Cohens agrees the statute was relevant to the facts of the case. In fact, his attorney requested the charge. The omitted language emphasizes the duty of care of all persons in a "too fast for conditions" scenario. The portion of the statute charged does not fully state the law of South Carolina. The record on appeal contains only part of the jury charge, including several motor vehicle statutes, the definition of proximate cause, and a charge on comparative negligence. We do not find the remainder of the charge contained in the record broad enough to cover the omission of the statutory language. *See Carraway v. Pee Dee Block, Inc.*, 275 S.C. 511, 273 S.E.2d 340 (1980) (trial judge committed reversible error in refusing to instruct jury on relevant motor vehicle statutes where the statutes were applicable to the facts and the appellant made a specific request for an instruction on the statutes; the judge's charge was insufficient on the matter and did not adequately encompass the statutory provisions). *Cf. Waldrup v. Metropolitan Life Ins. Co.*, 274 S.C. 344, 263 S.E.2d 652 (1980) (the charge must be construed and considered as a whole before an assignment of prejudicial error will lie for the discrete portion complained of). Consequently, we hold a new trial is warranted.

## 2. EVIDENCE OF ATTORNEY REFERRAL FOR MEDICAL CARE

Atkins argues the trial judge erred in refusing to admit evidence that Cohens's attorney had referred Cohens for additional medical treatment after his initial treatment at the Doctor's Care office. Atkins contends the evidence was relevant to the issue of the necessity for, and the reasonableness of, the medical expenses incurred by Cohens. Because of our decision to reverse based on the judge's charge, we need not

address this remaining issue and make no determination as to its merit. The trial judge is free to consider the issue de novo should it arise in the retrial of this case.

## CONCLUSION

For the foregoing reasons, we reverse and remand for a new trial based on the judge's incomplete instructions on § 56–5–1520(a).

**REVERSED and REMANDED.**

HOWELL, C.J., and STILWELL, J., concur.