593 S.E.2d 617

Vincent A. VOGT, Appellant,

v.

MURRAYWOOD SWIM AND RACQUET CLUB, Respondent.

No. 3729.

Court of Appeals of South Carolina.

Heard Dec. 9, 2003.
Decided Jan. 27, 2004.
Rehearing Denied March 18, 2004.

Frank Anthony Barton and H. Wayne Floyd, both of W. Columbia, for appellant.

Thomas C. Salane and R. Hawthorne Barrett, both of Columbia, for respondent.

KITTREDGE, J.:

Vincent A. Vogt appeals from an adverse jury verdict in a personal injury action. The dispositive issue on appeal is Vogt's status as a licensee or an invitee. The trial court ruled that Vogt was a mere social guest and hence a licensee. We affirm.

## FACTS

Vogt was injured as a result of a diving board/swimming pool accident at the Murraywood Swim and Racket Club ("Murraywood"). He commenced this action asserting causes of action for negligence and strict liability.[1] Murraywood answered denying liability and alleging various defenses, including comparative negligence.

Murraywood is a private, nonprofit pool and tennis facility operated by and for a group of homeowners in Lexington County. The facility is equally co-owned by its members. The facility is not open to the public at large, for it only allows non-members to use the facilities in two situations. Non-members may either rent the facilities for private use, or attend as a guest of a member.

On June 28, 1998, Vogt was invited to Murraywood as a social guest of Don Pevey and Lynne Soobitsky. After consuming alcohol at the home of Pevey and Soobitsky, the group walked to the pool. Vogt decided to dive into the pool via Murraywood's three-meter high diving board. His first dive went without incident. Approximately thirty minutes later, Vogt decided to attempt a swan dive off the same diving board. After entering the water, Vogt struck his head on the bottom of the pool and was injured. This action followed.

---

1. The strict liability cause of action was withdrawn and Vogt proceeded on the negligence claim.

The Murraywood pool was constructed in 1975. Before trial, Murraywood made a motion *in limine* seeking to establish that operation of the pool was controlled by regulations promulgated in 1971 by the South Carolina Department of Health and Environmental Control ("DHEC"). Vogt sought to introduce more recent DHEC standards as well as standards promulgated by other organizations as evidence of a common law standard of care. The trial court found that the 1971 DHEC regulations were the only applicable regulations concerning the operation of the Murraywood pool. It nevertheless permitted Vogt's expert, in rendering his opinion, to rely on and reference the more recent DHEC regulations and industry standards.

Before instructing the jury, the trial judge ruled that Vogt was a licensee. As such, she declined to charge the jury with the law applicable to an invitee. The trial court further refused Vogt's request to specifically charge the DHEC standards other than those in effect at the time the pool was constructed in 1975, although the court expressly authorized the jury to consider the opinion testimony of expert witnesses. Vogt's expert witness relied on more recent DHEC regulations and current industry standards.

## ISSUES

I.  Did the trial court err in concluding as a matter of law that Vogt was a licensee?

II. Did the trial court err in refusing to charge certain "requests to charge," including the law relating to an invitee and post–1971 DHEC regulations?

## LAW/ANALYSIS

### I. Invitee/Licensee

■ Vogt argues it was error for the trial court to rule that he was a licensee as a matter of law. Acknowledging that the facts are not in dispute and that a question of law is presented, Vogt maintains he was an invitee. Specifically, Vogt contends that because Murraywood typically charged non-members a two-dollar admission fee, and limited the number of times a guest could visit, the operation of the Murraywood

pool facility is analogous to a business charging admission. We disagree.

■ The South Carolina Supreme Court has defined a licensee as "a person who is privileged to enter upon land by virtue of the possessor's consent." *Neil v. Byrum*, 288 S.C. 472, 473, 343 S.E.2d 615, 616 (1986); *see also Sims v. Giles*, 343 S.C. 708, 720, 541 S.E.2d 857, 864 (Ct.App.2001); and F.P. Hubbard & R.L. Felix, *The South Carolina Law of Torts* 111 (2d ed. 1997). When a licensee enters onto the property of another, it is for his or her benefit and not that of the landowner. *Sims*, 343 S.C. at 720, 541 S.E.2d at 863. The duties a landowner owes to a licensee are to use reasonable care to (a) "discover him and avoid injury to him in carrying on activities upon the land"; and (b) "warn him of any concealed dangerous conditions or activities which are known to the possessor." *Neil*, 288 S.C. at 473, 343 S.E.2d at 616 (citations omitted).

■ By contrast, "[a]n invitee is a person who comes on the premises with express or implied permission and for the purpose of benefiting the owner/occupier." Hubbard & Felix at 112; *Sims*, 343 S.C. at 713, 541 S.E.2d at 860. A landowner owes an invitee a duty of due care to discover risks and to warn of or make safe existing unreasonable risks. Hubbard & Felix at 114.

In *Neil*, the supreme court held that a social guest is a licensee. *Neil*, 288 S.C. at 473, 343 S.E.2d at 616 (citations omitted). Comment three to the RESTATEMENT (SECOND) OF TORTS § 330(h) (1965) further explains the distinction between social guests/licensees and invitees:

> Some confusion has resulted from the fact that, although a social guest normally is invited, and even urged to come, he is not an "invitee," within the legal meaning of that term, as stated in § 332. He does not come as a member of the public upon premises held open to the public for that purpose, and he does not enter for a purpose directly or indirectly connected with the business dealings of the possessor. The use of the premises is extended to him merely as a personal favor to him.

In *Landry v. Hilton Head Plantation Prop. Owners Ass'n,* 317 S.C. 200, 202, 452 S.E.2d 619, 620 (Ct.App.1994), a homeowner was injured while walking in the common areas of her gated community. This court held that because Landry was a dues-paying member of the property owners' association, she had the *right* to use the common areas without the association's permission. *Id.* at 204, 452 S.E.2d at 621. As such, she was characterized as an invitee. *Id.* Conversely, we believe that a guest of a dues-paying member enters not by right, but by the permission of the member.

By his own admission, Vogt entered the pool facilities as a social guest of club members Soobitsky and Peavy. Even assuming Murraywood did charge Vogt a two-dollar admission fee [2] and limited the number of times he could visit,[3] this does not affect the analysis of whether he was a licensee or invitee. The more appropriate issue is whether he had a right to use Murraywood's facilities. The obvious conclusion is that he did not. In fact, his presence was entirely permissive. Thus, it is clear that Vogt did not "enter for a purpose directly or indirectly connected with the business dealings of the possessor." RESTATEMENT (SECOND) OF TORTS § 330(h).

■ Ordinarily, when conflicting evidence is presented as to whether someone is a licensee or invitee, the question becomes one of fact and as such, is properly left to the jury. *See Hoover v. Broome,* 324 S.C. 531, 537–38, 479 S.E.2d 62, 66 (Ct.App.1996). However, based on the record in this case, we find no conflict in the evidence regarding Vogt's status at the time of the incident. Moreover, it is undisputed that Vogt visited the pool only because members invited him and his presence at the pool was entirely permissive. Vogt concedes on appeal that the facts are undisputed, yet contends the facts compel a different conclusion as a matter of law. We disagree, and find the undisputed evidence supports the trial court's finding that Vogt was a licensee.[4]

---

2. There is no evidence in the record to suggest the fee was paid.

3. Murraywood's pool rules and regulations limited a local guest to "10 visits per swim season."

4. We note that this issue reaches us in an unusual posture for the purposes of ascertaining the proper standard of review. At trial, Vogt

## II. Requests to Charge

Vogt next contends that the trial court erred in refusing to charge the jury with certain requests to charge. We find no reversible error.

The trial court judge must charge the current and correct law to the jury. *McCourt ex rel. McCourt v. Abernathy*, 318 S.C. 301, 306, 457 S.E.2d 603, 606 (1995); *Cohens v. Atkins*, 333 S.C. 345, 349, 509 S.E.2d 286, 289 (Ct.App.1998). When reviewing a jury charge for alleged error, an appellate court must consider the charge as a whole in light of the evidence and issues presented at trial. *Welch v. Epstein*, 342 S.C. 279, 311, 536 S.E.2d 408, 425 (Ct.App.2000) (citing *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 514 S.E.2d 570 (1999)). A trial court's refusal to give a properly requested charge is reversible error only where the requesting party can demonstrate prejudice from the refusal. *Cohens*, 333 S.C. at 349, 509 S.E.2d at 289.

First, requests to charge A–1, 1, 2, 3, 4, 5, 6, and 7 are premised on Vogt's purported status as an invitee. Having concluded the trial court correctly determined Vogt was a licensee as a matter of law, these requests were properly denied.

Second, the failure to charge Vogt's request to charge 10–A was not error and, in any event, resulted in no prejudice. In his request to charge 10–A, Vogt asked the trial court to charge the jury with 1995 DHEC swimming pool regulations 24A S.C.Code Ann. Regs. 61–51(J)(11)(h) and 24A S.C.Code Ann. Regs. 61–51(C)(27)(b), which were in effect at the time of Vogt's accident. The applicability of regulation 61–

---

made a motion for a directed verdict seeking a determination that he was an invitee. Murraywood opposed the motion, contending the facts compelled a finding that Vogt was a licensee. The trial judge denied Vogt's directed verdict motion and, in the course of the charge conference, ruled that Vogt was a licensee as a matter of law. During oral argument, Vogt rejected any suggestion that a factual dispute existed, necessitating submission of Vogt's status to the jury. Cf. *Hoover v. Broome*, 324 S.C. at 537–38, 479 S.E.2d at 66 (concluding that when conflicting evidence is presented as to whether someone is a licensee or invitee, the question becomes one of fact and as such, is properly left to the jury). The parties here stipulate a legal question is presented, and we follow their proposed standard of review.

51(J)(11)(h), is controlled by paragraph one of that section, which provides in pertinent part that [a]ll pools and pool equipment must be operated and maintained in accordance with the *permitted plans and specifications* or approved change order. (emphasis added). The plans and specifications for the Murraywood pool were approved by DHEC in 1975 when the pool was constructed. The pool has been inspected annually since then, and at all times its compliance has been determined under the DHEC regulations enacted in 1971.

Similarly, the applicability of regulation 61–51(C)(27)(b), is controlled by 61–51(C)(1), which reads [r]equirements of this section are applicable to all new construction and alterations of existing swimming pools. Considering that this statute was enacted twenty years after the construction of the Murraywood pool, and that no alterations have ever been made to the pool, the regulation *does not apply to the Murraywood pool*. Accordingly, because we find that neither of the requested regulations applied to the Murraywood pool, we hold that the trial court was correct to deny Vogt's request to charge 10–A.

■ Moreover, Vogt was not prejudiced by the trial courts refusal to charge the requested instructions. The trial court extended wide latitude to Vogt, through expert testimony and otherwise, to establish negligence against Murraywood. For example, Robert Taylor, Vogt's expert, relied on the 1995 DHEC Regulations in rendering his opinion that the swimming pool lacked sufficient depth in the diving area. The trial courts charge clearly permitted the jury to weigh and consider such evidence in reaching its verdict.

## CONCLUSION

We find that the trial court correctly determined as a matter of law that Vogt was a licensee. Similarly, we hold that the trial court was correct to refuse Vogt's requests to charge as they pertained to the duty owed to invitees and DHEC·Regulations, which were inapplicable to the Murraywood pool.

**AFFIRMED.**

HEARN, C.J., and HOWARD, J., concur.