633 S.E.2d 905

**Diana ARDIS & William David Ardis, Appellants,**

v.

**Edward L. SESSIONS, D.C., Respondent.**

**No. 4136.**

Court of Appeals of South Carolina.

Heard Oct. 6, 2005.

Decided July 10, 2006.

Rehearing Denied Aug. 25, 2006.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

230

Ellis I. Kahn and Justin S. Kahn, both of Charleston, for Appellants.

Charles E. Hill and R. Hawthorne Barrett, both of Columbia, for Respondent.

HEARN, C.J.

In this appeal of a chiropractic malpractice action, Diana B. Ardis and William David Ardis raise issues concerning the exclusion of evidence, jury instructions, and the trial court's refusal to strike the cross-examination of Diana Ardis's treating physician based on ex parte contact with the opposing side. We reverse and remand.

## FACTS

In their complaint filed June 1, 2001, Diana and William Ardis (collectively "Ardis") alleged that Edward L. Sessions negligently injured Diana by performing spinal manipulations on February 19, 1996. Ardis claims Sessions's negligence caused a ruptured or herniated disk in Diana's back, an increase in the severity of her initial injury, and ultimately the need for back surgery. Sessions denied that he performed a manipulation on that date. His notes indicate Diana's disk was herniated when she fell from a ladder prior to coming to his office on February 19.[1] At trial, Sessions testified that instead of a manipulation that day, he used a less invasive treatment, which would have been insufficient to herniate Diana's disk.

At an *in camera* hearing, Sessions, who served as a municipal court judge for the City of Hanahan, moved to prevent Ardis from making an inquiry into his public reprimand by the South Carolina Supreme Court. In 2000, Sessions was reprimanded for acts of judicial misconduct, which included making and directing the making of false entries in judicial records. *See In re Sessions*, 342 S.C. 427, 538 S.E.2d 1 (2000). Sessions also moved *in limine* to exclude any mention of his billing practices in regard to his different fee schedules for

---

1. Ardis claims that she received spinal manipulations merely to limber up for an upcoming ski trip and that she mentioned falling off of a ladder in jest.

individuals and insurance carriers. The trial court granted Sessions's motions.

At trial, Ardis objected to the following instructions given by the trial court regarding the applicable standard of care: [2]

> The law does not require of him absolute accuracy either in his practice or his judgment ... It does not even require of him the utmost degree of care and skill of which the human mind is capable.

> I instruct you that a physician is not an insurer of a cure or even of a beneficial result; thus, the mere fact that a treatment is not beneficial or that it is even harmful will not of itself raise a presumption of negligence ... I instruct you that a bad result of the failure to cure is not by itself insufficient to raise an inference or a presumption of negligence on the part of a physician.

> I charge you that a physician is not ordinarily liable for making an incorrect diagnosis where it is made in good faith and there is reasonable doubt as to the nature of the physical conditions involved or as to what should be done in accordance with recognized authority in good current practice or where it is made in good faith on observation of the patient.

The jury returned a verdict for Sessions. The trial court denied Ardis's motion for JNOV, or in the alternative for a new trial. This appeal followed.

## LAW/ANALYSIS

Ardis contends the trial court erred in instructing the jury regarding the applicable standard of care for a medical malpractice claim. Specifically, Ardis argues the instruction given by the trial court raised the standard to a subjective standard, meaning that Ardis's burden of proof would require a showing that any error of judgment was made in bad faith. We agree.[3]

---

2. Ardis also objected to additional elements of the charge and requested an additional charge on spoliation of evidence.

3. Because we reverse on this issue, we decline to address Ardis's remaining arguments. See Whiteside v. Cherokee County School Dist. No. One, 311 S.C. 335, 428 S.E.2d 886 (1993) (holding an appellate

▇▇ A trial court is required to charge only the current and correct law of South Carolina. *Cohens v. Atkins*, 333 S.C. 345, 349, 509 S.E.2d 286, 289 (Ct.App.1998). "The substance of the law is what must be instructed to the jury, not any particular verbiage.... A jury charge which is substantially correct and covers the law does not require reversal." *Burroughs v. Worsham*, 352 S.C. 382, 391, 574 S.E.2d 215, 220 (Ct.App.2002). When reviewing a jury charge for alleged error, the appellate court must consider the charge as a whole in light of the evidence and issues presented at trial. *Daves v. Cleary*, 355 S.C. 216, 224, 584 S.E.2d 423, 427 (Ct.App.2003). "Where a request to charge is timely made and involves a controlling legal principle, a refusal by the trial judge to charge the request constitutes reversible error." *Koutsogiannis v. BB&T*, 365 S.C. 145, 149, 616 S.E.2d 425, 427–28 (2005). To warrant reversal for refusal to give a requested instruction, the refusal must have not only been erroneous, but prejudicial as well. *Cohens*, 333 S.C. at 349, 509 S.E.2d at 289; *see also Daves*, 355 S.C. at 224, 584 S.E.2d at 427 (stating a circuit court's refusal to give a properly requested charge is reversible error only when the requesting party can demonstrate prejudice from the refusal).

▇▇ The instructions given in the instant case are very similar to those addressed in the case of *McCourt by and through McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995). In that case, McCourt, through the personal representative of her estate, filed a medical malpractice action against a doctor in connection with her death from sepsis. The defendant argued the trial court erred in refusing to instruct the jury as follows:

> When a physician exercises ordinary care and skill in keeping within recognized and proven methods, he is not liable for the result of a bona fide mistake in judgment.

> A physician is not ordinarily liable for making an incorrect diagnosis where it is made in good faith and there is reasonable doubt as to the nature of the physical condition involved or as to what should be done in accordance with

court need not address remaining issues when the resolution of a prior issue is dispositive).

recognized authority and good current practice, or where it is made in good faith observation of a patient.

A physician cannot be held liable for a mere error in judgment.

When a physician exercises ordinary care and skill in keeping with recognized and proven methods he is not liable for the result of a mere mistake of judgment or for a bad result which does not occur because of any negligence on his part.

*McCourt*, 318 S.C. at 306, 457 S.E.2d at 606.

In affirming the refusal to give the charge requested, the supreme court stated that such a jury instruction impermissibly implied "to the jury that an error in judgment is actionable only if made in bad faith." *Id.* at 306, 457 S.E.2d at 606. The court reasoned that this would "impose an unrealistic burden on the plaintiff to prove the doctor's judgment was rendered with less than good faith." *Id.*

Like the proposed instruction in *McCourt*, the trial court's instruction in this case impermissibly implied to the jury that any error in judgment by Sessions would be actionable only if rendered in bad faith. Such an implication prejudiced Ardis because it imposed the same "unrealistic burden" disapproved of in *McCourt*.

### CONCLUSION

For the reasons stated herein, the trial court's decision is **REVERSED and REMANDED.**

SHORT, J. concurs.

BEATTY, J. dissents in a separate opinion.

BEATTY, J. (dissenting):

I respectfully dissent. When reviewing a jury instruction for alleged error, the appellate court must consider the charge as a whole in light of the evidence and issues presented at trial. *Daves v. Cleary*, 355 S.C. 216, 224, 584 S.E.2d 423, 427 (Ct.App.2003). "If the charge is reasonably free from error, isolated portions which might be misleading do not constitute reversible error." *Id.*

The majority rests its decision on a comparison of a small portion of the trial court's instructions to a substantial part of the requested instructions in *McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995).

In *McCourt*, the trial court's decision not to give requested instructions was affirmed. Although the court did not identify any specific offending jury charge requested, the court noted that the requested charges may be confusing to the jury. The court stated, "Some of the charges imply to the jury that an error in judgment is actionable only if made in bad faith. Such an instruction would impose an unrealistic burden on the plaintiff to prove the doctor's judgment was rendered in less than good faith." *McCourt*, 318 S.C. at 306, 457 S.E.2d at 606. Although the phrase "good faith" was used in a requested charge on making a diagnosis, the phrase was never actually used in an "error in judgment" charge in *McCourt*. Rather, a specific charge on "error in judgment" implied that bad faith was required to find the doctor liable.[4] In my view, the *McCourt* decision is based upon the full consideration of the jury instructions in total, not the mere use of the phrase "good faith."

Although similar, in part, the jury instruction here is significantly different from *McCourt*. Here, the trial court's "error in judgment" charge stated:

> I further charge you that when there is more than one recognized method of treatment, the physician is at liberty to follow any such recognized treatment. There may be more than one school of thought as to the proper treatment for a particular illness. In cases where there is a difference of opinion between competent medical authorities, a physician will not be liable if, in the exercise of his judgment, he

---

4. This charge provided:

Request # 5: A physician cannot be held liable for a mere error in judgment. Where, according to standard medical practice, the diagnosis and course of treatment involved are matters to be subjected to the judgment of the physician, a physician must be allowed the exercise of that judgment and he cannot be held liable if in the exercise of the judgment he has made a mistake as to the course of treatment to be taken.

*McCourt v. Abernathy*, 318 S.C. 301, 306, 457 S.E.2d 603, 606 (1995).

followed a course of treatment supported by reputable, respectable and reasonable medical experts.

Moreover, considering the trial court's instructions here as a whole, they are substantially correct, reasonably free of error, and do not tend to confuse the jury as to what is required to establish liability. The trial court gave the following instruction:

I instruct you that when a chiropractor undertakes to treat a patient, the law requires him to use reasonable care and diligence in the exercise of his skill and in the application of his learning to accomplish the purpose for which he was employed. The chiropractor is required by law to use his best judgment in exercising his skill and applying his knowledge. And the law would, therefore, hold a chiropractor liable for any injury to his patient resulting from want or lack of the requisite or required knowledge or skill or the omission to exercise reasonable care or the failure to use his best judgment. Therefore, a chiropractor's duty in treating his patients is to be measured by both his skill and diligence.

If, by lack of the required skill, a chiropractor fails to properly treat his patient so that the patient is injured thereby or his condition is made worse than it would have been otherwise, then the chiropractor would be liable for any injury proximately caused to the patient. He would also be liable if having the required or requisite skill, he negligently fails to use it or if he is not as careful and diligent in the treatment to the extent that he should be, which is to say as careful and diligent as a physician of ordinary prudence would have been under the same circumstances.

In a case such as this, negligence is the failure to do that which an ordinarily, careful and prudent chiropractor would do under the same circumstances; or, it is the doing of that which an ordinarily prudent chiropractor would not have done under the existing circumstances.

Negligence on the part of a chiropractor is not presumed, but must be affirmatively proved. I told you earlier that the burden of proof was on the plaintiffs to prove their case by the preponderance or the greater weight of the evidence.

In the absence of evidence to the contrary, it will be presumed that a chiropractor has fully discharged his duty to the patient.

The burden of proof of negligence, proximate cause and injury in a malpractice case is on the plaintiff throughout. In order to establish liability in a malpractice case, the plaintiff must prove by a preponderance of the evidence the following things: what the recognized and generally accepted standards, practices and procedures which would be exercised by competent chiropractors under similar circumstances: the physician in question negligently deviated from the generally accepted standards practices and procedures; such negligent deviation from the generally accepted standards, practices and procedures was a proximate cause of the plaintiff's injury; and that the plaintiff was injured.

I instruct you that a physician is not an insurer of a cure or even of a beneficial result; thus, the mere fact that a treatment is not beneficial or that it is even harmful will not of itself raise a presumption of negligence.

Injury and suffering are not alone sufficient to support a cause of action for malpractice unless it is shown by the greater weight of the evidence that the physician did not possess the degree of skill common to other physicians or that he failed to use such skill in the treatment of the patient.

I instruct you that a bad result or the failure to cure is not by itself sufficient to raise an inference or a presumption of negligence on the part of a physician. Thus, if you find that the defendant in this case used due care and skill in treating the patient and that the physician followed recognized medical procedures and despite this, the patient suffered injuries, the fact of injury alone is not evidence of negligence and your verdict in such case should be for the defendant.

I instruct you, Madame Forelady and members of the jury, that you are not permitted to arbitrarily set up a standard of your own in determining whether the defendant's learning skill and conduct fulfilled the duties imposed upon him by law. The standard is that which I have already indicated, that is, did the chiropractor exercise that degree of knowledge, care and skill possessed by members of his

specialty in good standing in the same or similar circumstances?

I further charge you that when the opinions of medical experts are relied upon to establish causal connection of negligence to injury, the proper test to be applied is that the expert must, with reasonable certainty, state that, in his professional opinion, the injuries complained of most probably resulted from the alleged negligence of the defendant. Jurors are to apply the same standards of evaluation of expert witness testimony as applied to other witnesses. It is for the jury to judge the credibility of the expert witnesses, as well as any other witnesses, and to decide what weight, if any, is attached to the expert testimony, as well as the testimony of any other witnesses.

. . .

I further charge you that in considering whether a physician has exercised reasonable judgment in a given case, you must consider such judgment in relationship to the facts as they existed at the time the judgment was made and not in light of what hindsight may reveal.

I further charge you that a mistake in diagnosis of itself will not support a verdict in a malpractice suit. I charge you that a physician is not ordinarily liable for making an incorrect diagnosis where it is made in good faith and there is reasonable doubt as to the nature of the physical conditions involved or as to what should be done in accordance with recognized authority in good current practice or where it is made in good faith on observation of the patient and based upon physical evidences and symptoms which would warrant such diagnosis by a reasonably prudent and informed physician.

I further charge you that when there is more than one recognized method of treatment, the physician is at liberty to follow any such recognized treatment. There may be more than one school of thought as to the proper treatment for a particular illness. In cases where there is a difference of opinion between competent medical authorities, a physician will not be liable if, in the exercise of his judgment, he followed a course of treatment supported by reputable, respectable and reasonable medical experts.

I charge you that the question of whether a physician in making a diagnosis deviated from applicable standard of care either by not employing a particular procedure or by not ordering a particular test, is to be determined by what an ordinary, careful and prudent physician would have done under the same or similar circumstances.

I further charge you that the degree of skill and care a physician must use in diagnosing a condition is that which would be exercised by a competent practitioner in the defendant doctor's field of chiropractic.

In order to find for the plaintiffs in a medical malpractice action, the plaintiff must show by the greater weight of the evidence that the physician did not possess the degree of skill common to other doctors in defendant's field of medicine, or that he failed or was negligent in so exercising such skills in the treatment of a patient.

There must be a failure to do that which an ordinary, careful and prudent physician in the defendant's field of medicine would do under the same or similar circumstances shown by the evidence to have existed at the time of the transaction in question; or, it was the doing of that which an ordinary, careful and prudent physician in defendant's field of medicine would not have done under the same or similar circumstances known to have existed at the time of the transaction in question.

A jury charge which is substantially correct and covers the law does not require reversal. *Burroughs v. Worsham,* 352 S.C. 382, 392, 574 S.E.2d 215, 220 (Ct.App.2002).

I would affirm.