682 S.E.2d 249

Diana ARDIS and William David Ardis, Respondents,

v.

Edward L. SESSIONS, D.C., Petitioner.

No. 26695.

Supreme Court of South Carolina.

Heard Feb. 3, 2009.
Decided Aug. 3, 2009.

Charles E. Hill, and R. Hawthorne Barrett, both of Turner, Padget, Graham & Laney, of Columbia, for Petitioner.

Ellis I. Kahn, and Justin S. Kahn, both of Kahn Law Firm, of Charleston, for Respondents.

Justice KITTREDGE:

In this chiropractic malpractice action, the court of appeals reversed a defense jury verdict based on an erroneous jury instruction. *Ardis v. Sessions,* 370 S.C. 229, 633 S.E.2d 905 (Ct.App.2006). We granted a writ of certiorari to review the decision of the court of appeals. We reverse and reinstate the defense verdict, for we hold Respondents were not prejudiced by the jury charge.

# I.

Diana Ardis suffered a herniated disk which resulted in surgery on February 29, 1996. Ardis sued Dr. Edward L. Sessions in negligence for chiropractic malpractice, claiming Sessions caused the herniated disk when he performed a spinal manipulation on February 19, 1996.[1] Sessions denied he performed a manipulation on February 19, and the trial centered on who was telling the truth about the February 19 office visit.

Ardis reported on February 19 to Sessions (and separately to his office assistant) "that she had slipped off of a ladder hurting her left low back and leg." Ardis admitted she made the statements about falling off a ladder, but purportedly only in jest. "At trial, Sessions testified that instead of a manipulation that day, he used a less invasive treatment, which would have been insufficient to herniate [Ardis'] disk."[2] *Ardis,* 370 S.C. at 231, 633 S.E.2d at 906.

The jury returned a defense verdict. Ardis appealed, challenging the "good faith" portion of the jury charge, the refusal to charge the jury as requested, and certain evidentiary rulings. A panel majority of the court of appeals reversed and remanded based on its view that the "good faith" jury charge was erroneous and prejudicial. One member of the appellate panel dissented, noting that "[w]hen reviewing a jury instruction for alleged error, the appellate court must consider the charge as a whole in light of the evidence and issues presented

---

1. Ardis' husband, William David Ardis, filed a loss of consortium claim.

2. Specifically, Sessions testified that on February 19 Ardis had "paraspinal spasms. We did some posterior pressure on the sacrum. I diagnosed it with a sprain strain and told her to rest and use some ice." When Sessions was asked if he had adjusted Ardis on February 19 or "do[ne] anything that would aggravate her if she had a ruptured disk[,]" he answered no. Sessions was additionally asked why he did not perform a manipulation of the "full spine or the cervical thoracic" on February 19, as he had routinely done on prior appointments. Sessions replied, "her signs and symptoms did not indicate that I should adjust her." Those "signs and symptoms" included Ardis' being "bent to the right side" and her claim of falling off a ladder. In light of Ardis' reported injury on February 19, we view Sessions' testimony as an implicit acknowledgement that it would have been inappropriate to perform a full manipulation on that day.

at trial." *Ardis,* 370 S.C. at 234, 633 S.E.2d at 907 (Beatty, J. dissenting).

## II.

### A.

The challenged jury charge is as follows:

> I ... charge you that a mistake in diagnosis of itself will not support a verdict in a malpractice suit. I charge you that a physician is not ordinarily liable for making an incorrect diagnosis where it is made in good faith and there is reasonable doubt as to the nature of the physical conditions involved or as to what should be done in accordance with recognized authority in good current practice or where it is made in good faith on observation of the patient and based upon physical evidences and symptoms which would warrant such diagnosis by a reasonably prudent and informed physician.[3]

The court of appeals agreed with Ardis and found the jury instruction erroneous and prejudicial.

We agree with the court of appeals majority that a "good faith" jury charge in a professional malpractice case is improper due to the implication that "an error in judgment is actionable only if made in bad faith." *McCourt ex rel. McCourt v. Abernathy,* 318 S.C. 301, 306, 457 S.E.2d 603, 606 (1995). The "good faith" instruction requires a plaintiff in a malpractice action to demonstrate not only a departure from the standard of care, but additionally that such error was made in bad faith. The "good faith" instruction impermissibly adds a subjective component contrary to our objective professional negligence law.

### B.

The "good faith" instruction, while erroneous, did not prejudice Ardis.

---

**3.** The trial court frequently used the term "physician," although this case dealt with a claim of chiropractic malpractice. There is no suggestion of error in this regard, for legal principles concerning professional malpractice claims generally remain constant from one profession to another.

■ When an appellate court reviews an alleged error in a jury charge, it "must consider the court's jury charge as a whole in light of the evidence and issues presented at trial. If, as a whole, the charges are reasonably free from error, isolated portions which might be misleading do not constitute reversible error." *Keaton ex rel. Foster v. Greenville Hosp. Sys.*, 334 S.C. 488, 497, 514 S.E.2d 570, 575 (1999) (citations omitted). This holistic approach to jury instructions is linked to the principle of appellate procedure that "[a]n error not shown to be prejudicial does not constitute grounds for reversal." *Brown v. Pearson*, 326 S.C. 409, 417, 483 S.E.2d 477, 481 (Ct.App.1997); *see also Cole v. Raut*, 378 S.C. 398, 405, 663 S.E.2d 30, 33 (2008) (reciting the rule that a charge must be erroneous and prejudicial to warrant reversal); *Ellison v. Simmons*, 238 S.C. 364, 372, 120 S.E.2d 209, 213 (1961) (noting that a jury "charge, even if erroneous, on a matter not in issue, is not always considered prejudicial").

■ The "good faith" jury instruction was limited to liability associated with "an incorrect diagnosis." *Ardis*, 370 S.C. at 232, 633 S.E.2d at 906. At best, the malpractice claim of Ardis only tangentially concerned an incorrect diagnosis. Because the outcome of the malpractice claim turned on who was telling the truth about the February 19 office visit, the trial focused on the conflicting testimony and the records of the February 19 visit.

As counsel for Sessions argued to the jury, "we come back to this piece of paper [concerning the February 19 office visit] because the case turns on the accuracy of this document." Sessions' counsel further argued in closing that "the bottom line issue is[,] did she get a chiropractic adjustment on February the 19th, 1996? Because if she didn't, her whole case is gone." [4]

Most professional negligence actions involve scrutiny of the professional's exercise of judgment. This case, however, presents an exception to the typical professional malpractice claim in that the outcome of this malpractice claim turned on who was telling the truth about the February 19 office visit.

---

4. The closing argument by Ardis' counsel is not in the record on appeal. The record, nevertheless, leaves no doubt that the case turned on whether Sessions performed a manipulation on Ardis on February 19.

Accordingly, when the challenged jury charge is viewed "in light of the evidence and issues presented at trial[,]" it becomes apparent that the challenged "good faith" jury charge resulted in no prejudice to Ardis. *Keaton,* 334 S.C. at 497, 514 S.E.2d at 575.

## C.

Because the court of appeals reversed the defense verdict based on the "good faith" jury charge, the court of appeals did not reach Ardis' other appellate issues. We have reviewed the record and find no prejudicial errors in the exclusion of evidence or the trial court's refusal to give a requested instruction. We affirm the trial court pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issues II, III, and V: *Gamble v. Int'l Paper Realty Corp. of S.C.,* 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996) ("The admission or exclusion of evidence is a matter within the sound discretion of the trial court and absent clear abuse, will not be disturbed on appeal."); and Issue IV: *Daves v. Cleary,* 355 S.C. 216, 224, 584 S.E.2d 423, 427 (Ct.App.2003) (noting that an appellate court must review a challenged jury instruction as a whole, and that a trial court's failure to charge a "properly requested charge is reversible error only where the requesting party can demonstrate prejudice from the refusal").

## III.

In a professional negligence action, a "good faith" jury instruction that imposes on a plaintiff the additional burden of showing bad faith improperly introduces a subjective element to our objective test of liability. Here, the "good faith" charge was erroneous, but not prejudicial. Nothing in the charge casts doubt on the jury's ability to objectively and fairly determine the truth concerning the February 19, 1996 office visit. When the "good faith" charge is viewed "in light of the evidence and issues presented at trial[,]" it is apparent that the jury charge resulted in no prejudice to Ardis. *Keaton,* 334 S.C. at 497, 514 S.E.2d at 575. We therefore reverse the decision of the court of appeals and reinstate the defense verdict.

**REVERSED.**

TOAL, C.J. and Acting Justice BURNETT, concur.

PLEICONES, J., dissenting in a separate opinion in which WALLER, J., concurs.

Justice PLEICONES:

I respectfully dissent. While I agree with the majority that the "good faith" jury instruction was erroneous, I also find that the charge was prejudicial and would affirm the Court of Appeals.

If the jury believed Ardis's assertion that Sessions performed a manipulation under the circumstances she described, the jury must still have found that her version of the facts demonstrated negligence on the part of Sessions, in order for Ardis to prevail. *See Hurd v. Williamsburg Co.,* 353 S.C. 596, 615, 579 S.E.2d 136, 146 (Ct.App.2003), *aff'd,* 363 S.C. 421, 611 S.E.2d 488 (The burden of proof in a negligence action is on the plaintiff to establish the negligence of the defendant). At trial, Ardis presented evidence to show not only that Sessions performed the manipulation, but also that in doing so he breached the standard of care. The trial court's "good faith" instruction directly addresses this aspect of the case and, therefore, prejudiced Ardis.

I disagree with the majority's reading of Sessions's testimony as acknowledging that it would have been malpractice to perform a manipulation on February 19 in light of Ardis's reported injury that day. Contrary to the majority's reading, the record indicates that Sessions believed the issue whether the actions alleged by Ardis constituted negligence to be very much in dispute. At the conclusion of his case, Sessions moved for a directed verdict, arguing that, even assuming that Sessions performed an adjustment, as Ardis claimed:

> [t]here has been absolutely no testimony in this case from [Ardis's expert] or anyone else that if Ms. Ardis presented to Doctor Sessions on February the 19th in the condition that she says that she was in, that there was any contraindication for Doctor Sessions to give her an ordinary chiropractic adjustment on that day. There is absolutely no testimony that there was a deviation from the standard of care by Doctor Sessions on February 19 in giving this lady an adjustment.

We simply do not know whether the jury, in rendering a defense verdict, believed Sessions's testimony that no manipulation was performed on the day in question or believed Ardis's testimony that a manipulation was performed, but found that to perform a manipulation under the circumstances did not constitute malpractice. In my opinion, the use of the subjective "good faith" element in the jury instruction imposed an unrealistic burden on Ardis in her effort to prove negligence, and the jury may have found against Ardis due to her failure to meet such a standard. *See McCourt by and through McCourt v. Abernathy*, 318 S.C. 301, 457 S.E.2d 603 (1995). I would therefore affirm the Court of Appeals.[5]

WALLER, J., concurs.

---

5.  In briefs and in oral arguments, both parties also addressed various evidentiary issues from the trial court. Because evidentiary holdings of the initial trial are not binding on remand, I would find it unnecessary to address these points. *See Hosford v. Wynn*, 26 S.C. 130, 1 S.E. 497, 499 (1887) (new trial opens anew all questions in the case).