**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Luis Endara, Appellant,

v.

AVSX Technologies, LLC, Bobby Johnson, and Mary Kay Johnson, Respondents.

Appellate Case No. 2016-001612

———————

Appeal From Richland County
D. Craig Brown, Circuit Court Judge

———————

Unpublished Opinion No. 2019-UP-147
Submitted February 11, 2019 – Filed April 17, 2019

———————

**AFFIRMED**

———————

Michael W. Sautter and Michael Holland Ellis, Jr., both of Query Sautter & Associates, LLC, of Charleston, for Appellant.

Todd Raymond Ellis, of Law Office of Todd Ellis, P.A. of Irmo, and Blake A. Hewitt, of Bluestein Thompson Sullivan LLC, of Columbia, both for Respondents.

———————

**PER CURIAM:** Luis Endara appeals a circuit court order denying his motion for a new trial after a jury found he was not a member or owner of AVSX

Technologies, LLC (AVSX). On appeal, he argues the circuit court erred in refusing to instruct the jury on the law of partnerships. We affirm.

"An appellate court will not reverse the [circuit] court's decision regarding jury instructions unless the [circuit] court abused its discretion." *Clark v. Cantrell*, 339 S.C. 369, 389, 529 S.E.2d 528, 539 (2000). "An abuse of discretion occurs when the [circuit] court's ruling is based on an error of law or, when grounded in factual conclusions, is without evidentiary support." *Id.* "When instructing the jury, the [circuit court] is required to charge only the current and correct law of South Carolina." *Cohens v. Atkins*, 333 S.C. 345, 349, 509 S.E.2d 286, 289 (Ct. App. 1998). "[T]he [circuit] court is not required to instruct the jury on a principle of law that is irrelevant to the case as proved." *Clark*, 339 S.C. at 390, 529 S.E.2d at 539.

We find the circuit court did not err in refusing to charge the jury on partnership law because no evidence supported the jury charge. *See id.* at 389, 529 S.E.2d at 539 ("An appellate court will not reverse the [circuit] court's decision regarding jury instructions unless the [circuit] court abused its discretion."). Endara alleged in his complaint that he and Bobby Johnson "attempted but failed to create an LLC known as AVSX Technologies, LLC[,] resulting in a general partnership." He also alleged the partnership was wrongfully dissolved and he was entitled to the value of his partnership interest, damages, and costs. Yet, throughout the trial, Endara admitted AVSX was an LLC and the controlling issue was whether he was a member of the LLC. After Endara requested the circuit court charge the jury on partnership law, the circuit court responded: "[B]ack in chambers before we ever started, you said . . . we've narrowed these issues down . . . and that being (1) either he was a member of the LLC; or (2) he's a W-2 employee of the LLC. Was that not our discussion back in chambers?" Endara's attorney responded, "Yes, sir." The court granted Endara time to research whether the partnership and LLC could coexist; however, Endara never addressed the issue again.

LLCs are governed and created by the South Carolina Uniform LLC Act.[1] The articles of organization for AVSX show Mary Kay Johnson is the sole owner of the LLC, and there was no written operating agreement for the LLC. *See* S.C. Code Ann. § 33-44-103 (explaining an LLC is formed when someone files articles of organization with the South Carolina Secretary of State). According to section 33-41-210, "any association formed under any other statute of this State . . . is not a partnership." Because Endara acknowledged AVSX was an LLC and

---

[1] S.C. Code Ann. §§ 33-44-101 to -1208 (2006).

presented no evidence of a partnership, the circuit court did not abuse its discretion in determining the partnership jury instructions were inapplicable. *See Clark*, 339 S.C. at 390, 529 S.E.2d at 539 ("[T]he [circuit] court is not required to instruct the jury on a principle of law that is irrelevant to the case as proved.").

Accordingly, the order of the circuit court is

**AFFIRMED.**[2]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.